RICHARD A. MARSHACK
rmarshack@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.: 8:10-bk-23193-CB |
| STRADELLA INVESTMENTS, INC., | Chapter 7 |
| Debtor, | APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY PARKER MILLS LLP AS SPECIAL LITIGATION COUNSEL; DECLARATION OF JOEL A. OSMAN IN SUPPORT |
| | [NO HEARING REQUIRED] |

TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE,

THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED

PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 Trustee of the Bankruptcy Estate

("Estate") of Stradella Investments, Inc. ("Debtor"), respectfully submits this application for entry

of an Order authorizing the employment of Parker Mills LLP ("Firm") as the Trustee's special

litigation counsel in this case pursuant to 11 U.S.C. §§ 327 and 330.

In support of this Application, the Trustee respectfully represents as follows:

/ / /

/ / /

/ / /

**A.    Statement of Facts**

**1.    Bankruptcy Filing, Discharge, and Case Closure**

On September 19, 2010 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

On March 29, 2013, the Court entered an Order Granting Application for Appointment of Richard A. Marshack as Chapter 11 Trustee.

At the status conference on July 9, 2014, the Court ordered that the case be converted to Chapter 7.

On August 14, 2014, the Court entered an order converting the case to Chapter 7.

On August 15, 2014, Richard A. Marshack was appointed as the Interim Trustee in the Chapter 7 case. No objections were filed to his appointment, and he is currently the duly appointed and acting Chapter 7 trustee in this matter.

Throughout his tenure as Trustee, Mr. Marshack and his counsel investigated and attempted to enforce the Estate's interest and rights in (a) a $25 million note payable to the Debtor ("Original Stradella Note"); (b) an approximately 25 acre property in Rancho Mirage, California, ("Commercial Parcel"); (c) a potential action against RM Eagle, the original borrower under the Original Stradella Note; (d) the Estate's remaining interest, if any, in certain contract rights ("Participation Interests"); (e) the pending adversary case entitled *Stradella Investments, Inc. v. Ronald Schwartz et. al.*, Adv. No. 8:10-bk-01462-CB ("Schwartz Adversary"); (f) an adversary proceeding commenced after his appointment entitled Stark *RM Eagle v. Richard A. Marshack, Chapter 11 Trustee of Stradella Investments,* Adv. No. 8:13-ap-01293-CB ("Stark Adversary"); and (g) a potential malpractice action ("Malpractice Claim") against the Estate's prior counsel, Sheppard Mullin, Richter & Hampton ("SMRH").

The Schwartz Adversary was resolved by this Court in December 2014. The Stark Adversary was settled earlier this year, allowing the Trustee to monetize and commence liquidation of the Estate's assets, including receipt of an $18 million partial repayment of the Original Stradella Note, an amended and restated note in the amount of $5.5 million ("Amended Note"), and its 60% interest in the Commercial Parcel. The Settlement of the Stark Adversary also helped define the Malpractice Claim and the damages arising from the Malpractice Claim.

4841-8585-6561v1/1015-064

## 2. Facts Giving Rise to Malpractice Action

### a. The Transaction Giving Rise to the Malpractice Claim

In 2006, four years prior to bankruptcy, Debtor sold its 60% interest in approximately 640 acres of prime, undeveloped real property in Rancho Mirage, California ("Property" or the "Main Parcel") to RM Eagle for $50 million. To fund the purchase, RM Eagle paid Debtor $25 million in cash and signed the Original Stradella Note in favor of Debtor for $25 million. The Original Stradella Note was secured by a deed of trust ("Original Stradella DOT), a first-in-priority deed of trust against the 60% interest in the Property.  The Commercial Parcel was excluded from the purchase by RM Eagle. The Commercial Parcel was not a separate legal parcel at the time of the sale and therefore it was to be held in trust by RM Eagle for Debtor until such time as it was a separate legal parcel from the Main Parcel; and capable of being separately conveyed.

As part of the sale of the Property, the Debtor and RM Eagle entered into a Participation Agreement and a Hotel Agreement (collectively the "Participation Interests") whereby the Debtor would receive an additional return based upon the build-out, and profit from the build-out of the Property.  The Participation Interests were valued by RM Eagle at $75 to $100 million.

At the time of the purchase, RM Eagle also borrowed money from First National of America ("FNA").  The FNA loan was secured by a second deed of trust ("FNA 2nd DOT"). Shortly thereafter, an intercreditor agreement ("Intercreditor Agreement") was executed between Debtor and FNA which provided that Original Stradella DOT would be in first position, and was superior to the FNA 2nd DOT.

There was also a Subordination and Standstill Agreement which controlled the relationship of a third deed of trust ("3rd DOT") and the FNA 2nd DOT. The Trustee contended that the 3rd DOT only secured certain payments due under the Purchase and Sale Agreement ("PSA") after the partition of the Property. Stark RM Eagle ("Stark"), the successor of FNA, as provided more fully below, contended that the 3rd Dot also secured the Participation Interests.

Subsequently, RM Eagle defaulted on its note payable to FNA which commenced foreclosure. Immediately prior to foreclosure, FNA assigned its interests to Stark. In 2009, the foreclosure sale was completed and Stark became the owner of the Property. The foreclosure of the FNA 2nd DOT eliminated the 3rd DOT.

3

1  Debtor was represented by SMRH in the sale, and documentation of the sale, of the

2  Property, and thereafter in subsequent amendments to the PSA and the replacement of the

3  Original Stradella Note which gave rise to the Stark Adversary.

4  ### b.  The Stark Adversary Proceeding

5  On September 9, 2013, Stark filed a complaint ("Stark Complaint") against the Trustee,

6  commencing the Stark Adversary Case.  The Stark Complaint sought specific performance,

7  declaratory relief, quiet title and injunctive relief.  The gravamen of the Stark Complaint was the

8  contention that series of amendments to the PSA between Stradella and RM Eagle violated the

9  Intercreditor Agreement resulting in a "lien flip" which culminated in the elimination of the

10  Original Stradella DOT.  If the Estate did not have a lien against the Property, the Original

11  Stradella Note was basically worthless as RM Eagle is a defunct single asset entity without assets.

12  Stark also contended that the Participation Interests were secured by the 3rd DOT, and the

13  foreclosure of the FNA 2nd DOT resulted in the elimination of the Participation Interests. Stark

14  also took the position it had no obligation to transfer the Commercial Parcel to the Estate, and

15  could dedicate all or part of the Commercial Parcel to the City during the entitlement process of

16  the Main Parcel.

17  ### c.  The Problems with the Transaction

18  Deficiencies in the original transaction and subsequent amendments PSA and replacement

19  of the Original Stradella Note gave Stark the opportunity to file the Stark Adversary.  Said

20  deficiencies placed the Trustee in compromised position to enforce the Original Stradella Note,

21  Participation Interests or to cause the Commercial Parcel to be transferred back to it. For example,

22  the Original Stradella Note did not have a specific due date;  rather it was due upon the partition of

23  the Property and other events that could not be controlled by Stradella, or later, the Trustee.  The

24  Original Stradella Note also did not have a due on sale clause- so the foreclosure of the FNA 2nd

25  DOT did not accelerate the Original Stradella Note. Similarly, without a due date and other

26  protections, the Original Stradella Note was not a negotiable instrument and could not be freely

27  sold in the marketplace.

28  The mechanisms by which the Trustee could force the separation of the Commercial

Parcel to allow monetization of the estate's 60% interest in that property were nonexistent. Further

4

1 the PSA did contain language allowing RM Eagle to make dedications of the Commercial Parcel,

2 and although the Trustee contended that it was only during the pendency of an action to partition

3 the Property, the language in the PSA compromised the Trustee's position.

4          Further the Standstill and Subordination Agreement defined "Purchase and Sale

5 Documents" to include the Participation Agreement …and the Hotel Agreement. The

6 Subordination and Standstill Agreement also stated the term "Subordinate Documents," to mean

7 "the Purchase and Sale Documents." In the Subordination and Standstill Agreement, Stradella also

8 agreed that payment of the profit participation and any liens securing the profit participation was

9 subordinate to the repayment of Stark's loan and the lien held by Stark securing that loan. This

10 language tended to support Stark's position that the Participation Interests were eliminated by the

11 foreclosure of the FNA 2nd Dot. Once again the language from the original transaction, drafted or

12 approved by SMRH compromised the Trustees ability to monetize the potential asset, and was

13 contrary to the understanding of the protections the principals of Stradella believed they received.

14          SMRH could also have avoided the possibility of the Stark Adversary by asking the second

15 lender to approve the amendments to the PSA- the only effect of which were to extend out the

16 commencement of interest. Trustee believes Stark will admit that had it been asked in 2007 to

17 approve the amendments it would have. SMRH also drafted a Lost Note/Replacement Note which

18 was a clear violation of the Intercreditor Agreement. A later counsel rescinded the transaction, but

19 Stark raised it in its supplement to its Motion for Summary Judgment and this created an

20 additional challenges for the Trustee, necessitating a settlement of the Stark Adversary at a

21 discount. Once again, at the time the Replacement Note was drafted it is likely that Stark would

22 have consented to it- had it only been asked.

23          As a result of the deficiencies of the drafting of SMRH the Trustee requires special

24 counsel, on the terms and conditions as set forth in the Legal Representation and Fee Agreement

25 ("Agreement") to analyze and resolve the Malpractice Claim including bringing and prosecution

26 of litigation. A true and correct copy of the Agreement is attached to the Declaration of Joel A.

27 Osman ("Osman Declaration") as Exhibit "1."

28

APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL
4841-8585-6561v1/1015-064

## B.    Requirements for Application to Employ Professional

Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Local Bankruptcy Rule ("LBR") 2014-1, there follows a summary of the proposed employment of the Firm. Should any additional information be requested by the Office of the United States Trustee, the Court, or any party in interest, the Firm will provide a supplemental declaration prior to any hearing on this application.

### 1.    Employment and Compensation

Pursuant to LBR 2014-1(b)(1)(A), "[a]n application seeking approval of employment of a professional person pursuant to 11 U.S.C. §§ 327, 328, 1103(a), or 1114 must comply with the requirements of FRBP 2014 and 6003(a) and be filed with the court. The application must specify unambiguously whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330." Pursuant to LBR 2014-1(b)(3)(B), the Notice of the Application must also "[s]tate whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

The Trustee seeks to employ the Firm pursuant to 11 U.S.C. § 327(e). The Firm will seek compensation pursuant to 11 U.S.C. §§ 330 and 331. Further, the Trustee requests authorization to pay the Firm a $50,000 cost retainer.

The Trustee is currently holding in excess of $15 million.

### 2.    FRBP 2014

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides as follows:

An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to §327, §1103, or §1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person

APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL
4841-8585-6561v1/1015-064

1  employed in the office of the United States trustee. The application shall be accompanied by a

2  verified statement of the person to be employed setting forth the person's connections with the

3  Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United

4  States trustee, or any person employed in the office of the United States trustee.

5       The Trustee is seeking employment of the Firm. A copy of this Application will be served

6  on the Office of the United States Trustee.

7  ### a.    Facts Showing the Necessity for the Employment

8       The Trustee has a fiduciary duty to investigate and pursue claims of the Estate that can

9  provide for a meaningful distribution to creditors, and in this case, to equity. The Trustee and the

10  Firm have undertaken an independent evaluation of the merits of the Malpractice Claim, and

11  believe that the Estate has certain claims against SMRH. The appointment of the Firm is in the

12  best interest of the Estate and its creditors, as the Firm has extensive experience in complex

13  malpractice matters in both state and federal court.

14       The Trustee specifically requests authorization to employ the Firm as his counsel to

15  represent him in this instant case and to render the following services: to represent the Estate in the

16  evaluation, negotiation, and if needed, the prosecution of all matters related to the Malpractice

17  Claim. The Firm and the Trustee are cognizant of the Court's potential concerns that: (1) the Firm

18  and the Trustee's general bankruptcy counsel, Marshack Hays LLP, do not duplicate services or

19  (2) the Firm performs any trustee services pursuant to 11 U.S.C. § 362(a). The Firm will only

20  represent, advise and assist the Trustee in connection with the Malpractice Claim, and will not

21  perform any trustee services.

22  ### b.  Name of the Person to Be Employed

23       In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure,

24  LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the ***identity of the***

25  ***professional*** and the purpose and scope for which it is being employed" (emphasis added).

26       The Trustee seeks to employ Parker Mills LLP.  Pursuant to Rule 2014(b) of the Federal

27  Rules of Bankruptcy Procedure, partners, members, attorneys, and regular associates of the Firm

28  will act as attorneys for the Estate without further order of the court.

APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL

4841-8585-6561v1/1015-064

1  The persons who will render services in connection with the Firm's representation of the

2  Estate are identified in the Firm's billing detail, to be submitted with each application for

3  allowance of fees and reimbursement of costs, by their initials. Those persons include:

4

|  | **Timekeeper** |
|---|---|
| DBP | David B. Parker |
| JAO | Joel A. Osman |
| SS | Shawn Shaffie |
| JD | Jamie Davis |

### c.    Reasons for the Selection

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the ***purpose*** and scope for which it is being employed" (emphasis added).

The Trustee believes that the Firm is well-qualified to render the requested professional services to the Estate and that cause exists to authorize the Trustee to employ the Firm. The Firm has extensive experience in a variety of federal and state court malpractice claims. All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the States of California and the United States District and Bankruptcy Courts for the Central District of California. A biography of the members of the Firm is attached as Exhibit "2" to the Osman Declaration.

The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

### d.    Professional Services to be Rendered

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the purpose and ***scope*** for which it is being employed" (emphasis added).

APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL

4841-8585-6561v1/1015-064

The Trustee requires the assistance of special counsel to employ the Firm as special counsel to prosecute and advise the Trustee on all matters pertaining to the Malpractice Claim.

### e.      Proposed Arrangement for Compensation

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(C) provides that the Notice of the Application must "[d]escribe the arrangements for compensation, including the hourly rate of each professional to render services, source of the fees, the source and amount of any retainer, the date on which it was paid, and any provision regarding replenishment thereof[.]"

The Firm will render services to the Trustee on a contingency basis as set forth in the Agreement attached here as Exhibit "1," and as follows:

(a)      $50,000.00[1] initial expense retainer upon entry of an Order approving the Application herein (with unused portions to be reimbursed to the Estate);

(b)      25% of any "Gross Recovery" if the matter is resolved within 90 days of the date of the Order entered approving the Application herein;

(c)      33% of any "Gross Recovery" if the matter is resolved more than 90 days after entry of an Order approving the Application herein and more than 120 days before the day set for trial of the Malpractice Claim when it is resolved; and

(d)      37.5% of any "Gross Recovery" if the matter is resolved less than 120 days before the day set for trial of Malpractice Claim when it is resolved or if it goes to judgment.

The Firm will be compensated from recovery of the Malpractice Claim, if any, and will not be compensated absent the Estate's receipt or recovery of such assets.

The Firm understands that its compensation in this case is subject to approval by the Bankruptcy Court. In compliance with 11 U.S.C. §§ 330 and 331, the Firm intends to file interim and final applications for allowance of fees and reimbursement of costs as and when appropriate.

---

[1] Trustee is currently holding in excess of $15 million in the Estate's bank account.

APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL

4841-8585-6561v1/1015-064

1    The Firm has advised the Trustee that the Firm has not shared or agreed to share any

2  compensation to be received by it in this case with any other person, except as among partners of

3  the Firm.

4    ### f.    Firm's Connections and Associations

5    Except as disclosed herein and to the best of the Firm's knowledge, neither the Firm, nor

6  any of the attorneys comprising or employed by it, has any connection with the Debtor or the

7  Debtor's attorneys or accountants, the Debtor's creditors, or any other outside party in interest, or

8  their respective attorneys or accountants.

9    To the best of the Firm's knowledge, and as set forth in the attached Osman Declaration,

10  none of the attorneys comprising or employed by the Firm are related to any judge of the United

11  States Bankruptcy Court for the Central District of California, the United States Trustee, or any

12  person currently employed in the Office of the United States Trustee.

13    ### 3.    Disinterestedness of the Firm

14    Pursuant to Pursuant to LBR 2014-1(b)(1)(B), "The application must be accompanied by a

15  declaration of the person to be employed establishing disinterestedness or disclosing the nature of

16  any interest held by such person."

17    The Trustee believes that the Firm is a "disinterested person" within the meaning of

18  Bankruptcy Code Section 101(14) for the following reasons. Neither the Firm nor any of the

19  attorneys employed by the Firm is a creditor, equity security holder, or insider, and was otherwise

20  owed any funds by the Debtor as of the petition date or thereafter. No member of the Firm is or

21  was ever a director, officer, or employee of the Debtor. Finally, the Firm and its employees do not

22  have an interest materially adverse to Debtor, the Estate, or any class of creditors or equity

23  security holders.

24    The Osman Declaration submitted with this application provides additional information

25  establishing the Firm's disinterestedness.

26    ### 4.    Service on Office of the United States Trustee

27    Pursuant to Pursuant to LBR 2014-1(b)(1)(C), "The United States Trustee must be served,

28  in accordance with LBR 2002-2(a), with a copy of the application and supporting declaration not

later than the day it is filed with the court. No hearing is required unless requested by the United

1   States trustee or a party in interest, or as otherwise ordered by the court." As set forth in the sworn

2   Proof of Service filed contemporaneously with this document, the Firm served a copy of this

3   Application on the Office of the United States Trustee on the date this Application was filed with

4   the Court.

5   **C.      Conclusion**

6          WHEREFORE, the Trustee requests that it be authorized to employ the Firm as its special

7   litigation counsel pursuant to 11 U.S.C. § 327 with a $50,000 expense retainer (with unused

8   portions to be reimbursed to the Estate), on the terms and conditions set forth herein and the

9   Trustee be authorized to enter in the Agreement attached as Exhibit "1" with any compensation

10  and reimbursement of costs to be paid by the Estate only upon application to and approval by the

11  Court pursuant to 11 U.S.C. §§ 330 and 331.

12

13  DATED: June  3, 2016                    By:  s/ Richard A.  Marshack_____
                                                RICHARD A. MARSHACK
14                                              Chapter 7 Trustee for the Bankruptcy Estate of
                                                Stradella Investments, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL

4841-8585-6561v1/1015-064

# Declaration of Joel A. Osman

I, JOEL A. OSMAN, declare and state as follows:

1.      I am an individual over the age of 18 and competent to make this Declaration.

2.      I am an attorney at law, a member of the State Bar of California, and admitted to practice in this Court.

3.      I maintain offices at 800 W. 6th Street, Suite 500, Los Angeles, California 90017.

4.      I make this Declaration in support of the Application to Employ Parker Mills LLP as Special Litigation Counsel filed by Richard A. Marshack, the Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate ("Estate") of Stradella Investments, Inc., case number 8:10-bk-23193-CB. If called as a witness, I could and would competently testify to the following of my own personal knowledge, information, and belief.

5.      The Trustee has asked that the Firm serve as his special litigation counsel in connection with the administration of the Estate pursuant to the terms agreed negotiated between the Trustee and the Firm ("Agreement"). A true and correct copy of the Agreement is attached here as Exhibit "1."

6.      The Firm is well-qualified to do so. The Trustee and the Firm have undertaken an independent evaluation of the merits of the Malpractice Claim, and believe that the Estate has certain claims against certain defendants. The Firm has extensive experience in complex malpractice matters in both state and federal court.

7.      All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the States of California and the United States District and Bankruptcy Courts for the Central District of California. A biography of the members of the Firm is attached hereto as Exhibit "2."

6.      The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL

4841-8585-6561v1/1015-064

7.     The Firm has agreed, subject to Court approval, to receive an expense retainer in the amount of $50,000 for the services that it will perform in this matter.

8.     The Firm understands that its compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. §§ 330, and 331.

9.     The Firm has not shared or agreed to share any compensation to be received by it in the case with any other person, except as among partners of the Firm.

10.     The Firm completed a conflicts check prior to submitting this Application.  To the best of my knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with the Debtor or the Debtor's attorneys or accountants, the Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants.

11.     The Firm has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

12.     The Firm is not and was not, within two (2) years before the date of the filing of the Debtor's petition, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

13.     As of the Petition Date, the Firm to the best of my knowledge, after review and inquiry, was not a creditor of the Estate, an equity security holder, or an insider of the Debtor. The Firm has no pre-petition claim against Debtor's Estate and was not owed any funds by the Debtor.

14.     The Firm to the best of my knowledge, after review and inquiry, neither holds nor represents any interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

15.     To the best of my knowledge, none of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL

4841-8585-6561v1/1015-064

16.    The Firm to the best of my knowledge, after review and inquiry, does not have an interest adverse to the Debtor or the bankruptcy estate.

17.    Based on the foregoing, I believe that the Firm is a "disinterested person" within the meaning of Bankruptcy Code §101(14).

After conducting or supervising the investigation described above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on June 3  , 2016, at Los Angeles, California.

_____
JOEL A. OSMAN

APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL

4841-8585-6561v1/1015-064

EXHIBIT 1



**PARKER MILLS LLP**

TRIAL LAWYERS
BUSINESS LAWYERS

David B. Parker
Parker@parkermillsllp.com
(213) 622-6985

## LEGAL REPRESENTATION AND FEE AGREEMENT

This Legal Representation and Fee Agreement ("Agreement") is entered into as of May 16, 2016 by Richard A. Marshack, as Chapter 7 Trustee of Stradella Investments, Inc., a California Corporation ("Client"), on the one hand, and Parker Mills LLP, 800 W. 6th Street, Suite 500, Los Angeles, CA 90017 ("Lawyers"), on the other hand.

**ARTICLE 1:    COMMENCEMENT OF REPRESENTATION AND SCOPE OF ENGAGEMENT**

**Section 1.1.    Commencement and Continuation of Representation.**

Lawyers' representation of Client will commence upon Lawyers' receipt of a signed copy of this Agreement. The Cost Retainer Deposit required by Section 2.5 below must be funded within 90 days of the day of this Agreement or this Agreement will expire. However, the terms of this Agreement shall apply to all work performed by Lawyers for or on behalf of Client prior to execution hereof or funding of the Retainer Deposit.

**Section 1.2.    Scope of Engagement.**

Lawyers agree to assist Client pursuing and attempting to resolve a legal malpractice claim against Sheppard Mullin Richter & Hampton, including the bringing and prosecution of litigation if requested by Client and approved by the bankruptcy court, as well the potential defense of any cross-actions (the "Engagement").

The parties agree that the Engagement does not include any (a) appeal of any ruling, order or judgment, (b) advice on matters relating to bankruptcy or tax, and (c) other future work beyond the specific scope of the Engagement.

**Section 1.3.    Lawyers' Duties.**

Lawyers agree to represent Client in connection with those matters within the scope of the Engagement and perform those acts that, in Lawyer's best judgment, will assist Client in achieving the results for which Client has engaged Lawyers. Lawyers specifically represent that should this matter proceed to trial, David B. Parker will be the lead trial counsel. Further Lawyers agree that David B. Parker will attend and serve as lead counsel to the estate in any mediation relating to the Scope of Engagement. Lawyers will not perform any legal services other than those within the scope of this Engagement without first obtaining Client's written authorization, either by way of a signed amendment to this Agreement, or the preparation and execution of a separate Legal Representation and Fee Agreement.

PARKER MILLS LLP

Richard A. Marshack, Esq.
5/16/2016
Page 2

**Section 1.4.    Client's Duties.**

Client agrees to pay Lawyers the Attorney Fees and Expenses specified in Article 2. Client also agrees to fully cooperate with Lawyers and provide information that will help Lawyers in achieving the results for which Lawyers have been engaged, including, without limitation, furnishing documents and information requested by Lawyers. Client also agrees to provide Lawyers with current "Client Information," which shall include Client's street and e-mail address, and provide to Lawyers notice of any change in Client's Contact Information within five (5) business days. Client shall obtain bankruptcy court approvals as needed and Lawyers shall cooperate in connection with such efforts.

**Section 1.5.    No Guarantee.**

Client understands and agrees that Lawyers have made no promises or guarantees that Lawyers' representation of Client will result in Client achieving the results for which Lawyers have been retained.

**Section 1.6.    Keeping Client Informed About Developments.**

Lawyers agree to promptly notify Client of all significant matters and developments relevant to and within the scope of the Lawyers Engagement and to consult with Client about those developments, including important strategic decisions. Lawyers agree to provide Client at Client's request and expense with copies of all written materials pertaining to Lawyers' representation of Client.

**ARTICLE 2:    FEES AND EXPENSES**

**Section 2.1.    Attorney Fees.**

Client agrees to pay Lawyers contingent based upon the following schedule of percentages of any "Gross Recovery" (the "Contingency Fee"). These rates do not include Expenses described in Section 2.2.

> (a) 25% of any "Gross Recovery" if the matter is resolved within 90 days of the date of the Order of the Bankruptcy Court approving the hiring of Lawyers;

> (b) 33% of any "Gross Recovery" if the matter is resolved more than 90 days after the date of the Order of the Bankruptcy Court approving the hiring of Lawyers and more than 120 days before the day set for trial of this matter when it is resolved;

> (c) 37.5% of any "Gross Recovery" if the matter is resolved less than 120 days before the day set for trial of this matter when it is resolved or if it goes to judgment.

"Gross Recovery" means the total of all amounts received by settlement, arbitration and/or judgment, including any award of attorneys' fees and/or costs obtained from any defendant, respondent or their respective insurance carriers. The proceeds from the Gross Recovery will be distributed as follows: First, the Contingency Fee will be deducted from the proceeds; second, any unreimbursed Expenses advanced by Lawyers will be deducted from the proceeds; and, third, the remaining balance of the proceeds will be paid to Client.

As provided under Business and Professions Code Section 6147, the Contingency Fee agreed to herein is not set by law and is negotiable between Lawyers and Client. The above described Contingency Fee, as with the other terms of this Agreement, are a product of such negotiations.

1431136_2.doc    800 W. 6th Street, Suite 500, Los Angeles, CA 90017 | Main (213) 622-4441 | Fax (213) 622-1444 |
www.parkermillsllp.com

EXHIBIT 1
Page 16

PARKER MILLS LLP

Richard A. Marshack, Esq.
5/16/2016
Page 3

We encourage you to have this Agreement reviewed by independent counsel or independent advisors, including tax advisors. In regard to taxes, we encourage you to consult lawyers or accountants with respect to the tax implications of recovery. We have not been engaged to provide and will not provide tax advice.

To the extent that services are rendered by Lawyers beyond the services identified above, and subject to Client's prior written authorization, Client agrees to pay Lawyers "Attorney Fees" at the rates of $400 - $600 per hour for partners, senior lawyers and Of Counsel of the firm, $300 - $400 per hour for associates; and $150 per hour for paralegals and $60 for paralegal assistants. These rates may be changed from time to time, subject to 30 days written notice to Client. These rates do not include Expenses described in Section 2.2.

Section 2.2.    Expenses.

Client agrees to pay as "Expenses": (a) the charges and costs of other persons and/or entities hired by Lawyers to perform services necessary to assist Lawyers in the efforts to obtain the results for which they were engaged (e.g., messengers, court reporters, appraisers, accountants, investigators, expert and other witnesses, and other Lawyers to handle ancillary matters in other localities); and (b) reasonable out-of-pocket costs incurred while performing legal services (e.g., filing fees, charges for serving and filing papers or to photocopy documents, depositions, transcripts, investigations, and travel costs). Lawyers may require Client to directly pay for any Expense in excess of $500.00, and Client's refusal to advance any such Expense shall be deemed to be an instruction that the Expense not be incurred.

Section 2.3.    Payment Due on Receipt of Invoices.

Client agrees to pay Attorney Fees and Expenses upon receipt, pursuant to invoices that will be transmitted to Client on a monthly basis to Client's email or street address. Lawyers agree to specifically identify all Expenses billed and will provide back-up documents upon request. Client agrees to communicate within 30 days of the receipt of any invoice any questions or concerns regarding invoices or services provided, and Lawyers agree to promptly respond to any such communications. Interest shall accrue on any balance unpaid after 30 days of transmission of the invoice, at the rate of 1% per month.

Section 2.4.    Prevailing Party Attorney Fees.

If Lawyers must take any action to collect Attorney Fees and Expenses under this Agreement, even if Lawyers represent themselves or Client represents itself, the prevailing party shall be entitled to an award of its reasonable attorney fees and costs incurred, including but not limited to costs of collection, expert witnesses, arbitrator fees and related expenses.

Section 2.5.    Expense Retainer Deposit.

Client agrees to pay to Lawyers within 90 days of Lawyers receipt of this executed Agreement an initial deposit of $50,000.00 Lawyers will hold the initial deposit as well as any future deposits (collectively, "Expense Retainer Deposits") made by Client in Lawyer's trust account and apply it to expenses reflected in each billing statement issued by Lawyers to Client. Client will pay any additional balance due within ninety (90) days of receipt of Lawyers' statements each month. Lawyers shall provide detailed invoices compliant with the requirements of the bankruptcy court.

Within 90 days of a trial or arbitration date, Client shall pay all sums then owing and deposit the Expenses estimated to be incurred in preparing for and completing the trial or arbitration, including but not limited to the jury fees or arbitration fees, expert witness fees and other costs likely to be assessed. Unless otherwise agreed in writing, any unused Expense Retainer Deposit at the conclusion of Lawyers' services will be refunded.

1431136_2.doc    800 W. 6th Street, Suite 500, Los Angeles, CA 90017 | Main (213) 622-4441 | Fax (213) 622-1444 |
www.parkermillsllp.com

EXHIBIT 1
Page 17

**PARKER MILLS LLP**

Richard A. Marshack, Esq.
5/16/2016
Page 4

### Section 2.6.    Lawyers' Lien.

Client hereby grants to Lawyers a lien on any recovery obtained by or on behalf of Client through settlement, judgment, award, or otherwise pursuant to any claim or cause of action that is the subject of the Lawyers' representation under this Agreement. The lien will be for any Attorney Fees or Expenses, and interest thereon owed by Client to Lawyers.

A lien is a security interest in Client's recovery. The effect of such a lien is that the Lawyers may be able to compel payment of Attorney Fees and Expenses from any such recovery even if Lawyers have been discharged before the resolution of the dispute. *Lawyers' assertion of a lien might delay Client's receipt of all or part of the proceeds of Client's recovery until any dispute regarding the lien or concerning the amount of Attorney Fees and Expenses owed to Lawyers at the conclusion of the representation is resolved.*

Client may seek the advice of independent counsel regarding this lien provision. By signing below, Client acknowledges that Client has had a reasonable opportunity to seek advice of independent counsel and that Client has sought such advice or has waived the right to do so, Client understands the effect of this provision, and Client voluntarily consents to the lien described herein.

**ARTICLE 3:    TERMINATION OF REPRESENTATION**

### Section 3.1.    Termination by Client.

Client may terminate Lawyers' representation at any time for any reason but agrees that Lawyers are entitled to receive the reasonable value of services performed as of the date Lawyers receive written notice by Client of termination. In the event of Lawyers' discharge or withdrawal, Client agrees that upon payment of the settlement, award or judgment in Client's favor in the Engaged matter, Lawyers shall be entitled to be paid by Client a reasonable fee for the legal services provided. Such fee shall be determined by considering the following factors:

a.    The actual number of hours expended by Lawyers in performing legal services for Client;

b.    Lawyer's usual and customary hourly rates which are $500 - $600 per hour for partners of the firm, $300 - $450 per hour for associates, and $150 per hour for paralegals and $60 for paralegal assistants;

c.    The extent to which Lawyers' services have contributed to the result obtained;

d.    The amount of the fee in proportion to the value of the services performed;

e.    The amount of recovery obtained;

f.    Time limitations imposed on Lawyer by Client or by the circumstances; and

g.    The experience, reputation and ability of personnel performing the services.

### Section 3.2.    Termination by Lawyers.

Upon approval of the U.S. Bankruptcy Court and the trial court, Lawyers may cease representing Client if Client fails to fulfill this Agreement or if permitted or required by the California Rules of Professional Responsibility or California Rules of Court.

1431136_2.doc      800 W. 6th Street, Suite 500, Los Angeles, CA 90017 | Main (213) 622-4441 | Fax (213) 622-1444 |
www.parkermillsllp.com

EXHIBIT 1
Page 18

## PARKER MILLS LLP

Richard A. Marshack, Esq.
5/16/2016
Page 5

Lawyers must notify Client of their intention to withdraw from representing Client in writing. Client agrees to pay Lawyers for the Attorney Fees and Expenses incurred as of the date of withdrawal, such payment to be made within 30 days of the Client's receipt of Lawyers' corresponding invoice.

## ARTICLE 4:     MODIFICATION OF AGREEMENT

This Agreement is the entire agreement between Lawyers and Client regarding Lawyers' legal representation of Client and the payment of Attorney Fees and Expenses in connection therewith. The terms of this Agreement may only be modified in writing signed by Client and Lawyers; no interlineation is permitted unless each party initials each such interlineation. There are no promises, terms, conditions or obligations other than those contained herein, and the Agreement shall supersede all previous communications, representations, or other agreements, either verbal or written, between Client and Lawyers.

## ARTICLE 5:     MISCELLANEOUS PROVISIONS

### Section 5.1.     Insurance.

Lawyers maintain a policy of insurance for professional errors and omissions.

### Section 5.2.     Document, Property Retention.

In the ordinary course of Lawyers' practice, Lawyers do not retain original documents, except as may be expressly required by the California *Code of Civil Procedure*, *Evidence Code* or other applicable laws. Original documents which Lawyers are not required to retain, depending on case requirements, may be delivered, filed, recorded, or returned to Client.

In addition, Lawyers may obtain non-original documents which are received from third parties (e.g., opposing counsel, a court or other tribunal, witnesses) relating to the Engagement. Lawyers scan such non-original documents electronically to be maintained on Lawyers' document management system, then dispose of the paper copy.

Lawyers might also receive or obtain other non-document property relating to the Engagement. Lawyers may retain such property for such time as may be required by the Engagement and then return or dispose of the property, as appropriate.

At the termination of the Engagement, retained documents not maintained electronically, and any retained property shall be delivered to the Client. Electronic copies of Client documents maintained in Lawyers' document management system will be retained for one (1) year. Thereafter, any retained electronic copies of Client documents are subject to removal or destruction, without further notice to Client.

Subject to this document/property retention policy, Lawyers will provide to Client, upon reasonable request, any retained originals or electronic copies of client documents, or client property, in accordance with California Rules of Professional Conduct, Rule 3-700.

### Section 5.3.     Choice of Law and Venue.

Any dispute which may arise with respect to the Agreement, without limitation, will be resolved pursuant to the law of the State of California. The only proper forum for the resolution of any such dispute shall be United States Bankruptcy Court, Santa Ana Division.

1431136_2.doc     800 W. 6th Street, Suite 500, Los Angeles, CA 90017 | Main (213) 622-4441 | Fax (213) 622-1444 |
www.parkermillsllp.com

EXHIBIT 1
Page 19

PARKER MILLS LLP

Richard A. Marshack, Esq.
5/16/2016
Page 6

Section 5.4.       **Power and Authority.**

Each of the parties represents and warrants that such party has all requisite power and authority to enter into and perform under this Agreement, and that the person who executes this Agreement on behalf of the entity for whom he or she executes this Agreement is authorized to execute this Agreement and bind its principal thereby to the obligations of Client hereunder. This Agreement is subject to approval of the United States Bankruptcy Court.

Section 5.5.       **Counterpart and Facsimile Signature.**

This Agreement may be signed in counterpart. Facsimile signatures shall be effective as original signatures.

In witness whereof, the parties have executed this Agreement as of the date first above written.

Section 5.6.       **No Personal Liability**

Nothing in this agreement shall be construed or will result in there being liability to Richard Marshack in his personal capacity.

**LAWYERS:**                                                **CLIENT:**

PARKER MILLS LLP                                Bankruptcy Estate of Stradella Investments, Inc.

By: _____               By: _____
        David B. Parker                                         Richard A. Marshack, Trustee

                                                                    Richard A. Marshack, Esq.
                                                                    870 Roosevelt Ave.
                                                                    Irvine, CA  92620
                                                                    Email: rmarshack@marshackhays.com
                                                                    Telephone: (949) 333-7777

1431136_2.doc       800 W. 6th Street, Suite 500, Los Angeles, CA 90017  |  Main (213) 622-4441  |  Fax (213) 622-1444  |
www.parkermillsllp.com

EXHIBIT 1
Page 20

EXHIBIT 2

# David B. Parker

## PARKER MILLS LLP

800 W. 6th Street, Suite 500
Los Angeles, California 90017
TELEPHONE (213) 622-4441
FACSIMILE (213) 622-1444
E-mail: parker@parkermillsllp.com

## BAR ADMISSION

- California;  (1976)
- U.S. District Courts, California (1977), Hawaii (1988), Western District, Michigan (2005), Middle District, Florida (2005)
- 9th Circuit Court of Appeals (1977)
- Certified Specialist, Legal Malpractice Law, The State Bar of California Board of Legal Specialization (2012)

## EDUCATION

### University of California at Los Angeles

- B.A., Major in Latin American Studies (1972)
- Departmental Scholar (Latin American Studies)
- Summa cum laude
- Phi Beta Kappa
- Member, Sigma Chi Fraternity

### UCLA School of Law

- J.D. (1976)
- Order of the Coif
- Associate Editor and Note Author, *UCLA Law Review*

## PROFESSIONAL EXPERIENCE

1976 - 1979        Overton, Lyman & Prince, Associate

1979 - 1995        Lewis, D'Amato, Brisbois & Bisgaard, Senior Partner

1995 - Present     *Parker Mills LLP,* Founding Partner

## TRIAL EXPERIENCE

Served as sole, lead, or co-lead counsel on more than twenty (20) jury trials (and a greater number of nonjury trials), in state and federal courts (as well as various judicial, commercial, and *Cumis* arbitration proceedings and Mandatory Fee Arbitration matters), on behalf of plaintiffs and defendants. Trial proceedings involved a wide range of business and professional liability litigation, derivative litigation and shareholder disputes, litigation involving nonprofits and religious entities, malicious prosecution, attorney fee disputes, law firm dissolution and other internal law firm disputes, insurance coverage and bad faith, family law (dissolution, adoption and child custody), partnership disputes, labor and employment law, unfair competition, securities, and intellectual property cases.

## APPELLATE EXPERIENCE

Briefed and/or argued more than 50 appeals and writ proceedings, in state and federal appellate courts, including the following *published* decisions:

- *Gibson, Dunn  & Crutcher v. Superior Court*, 94 Cal.App.3d 347 (1979)
- *Zeavin v. Lee*, 136 Cal.App.3d 766 (1982)
- *Lumpkin v. Friedman*, 131 Cal.App.3d 450 (1982)
- *Chen v. Flemming*, 147 Cal.App.3d 36 (1983)
- *Botos v. Los Angeles County Bar Association*, 151 Cal.App.3d 1083 (1984)
- *Securities Investor Protection Corp. v. Vigman*, 587 F.Supp. 1358 (C.D. Cal. 1984)
- *Employers Reinsurance Corp. v. Phoenix Ins. Co.*, 186 Cal.App.3d 545 (1986)
- *Sukoff v. Lemkin*, 202 Cal.App.3d 740 (1988)
- *Ceriale v. Taback*, 48 Cal. App. 4th 1629 (1996)

{DBP0952.DOC}

EXHIBIT 2
Page 21

*Resume of David B. Parker*
*March 3, 2016*
*Page 2*

- *Harris v. Rudin,* 74 Cal. App. 4th 299 (1999)
- *Investors Equity Life Holding Co. v. Schmidt,* 195 Cal. App. 4th 1519(2011)
- *Edwards Wildman Palmer et al. v. Superior Court (Mireskandari)* 2014 WL 6662053 (Nov. 25, 2014)
- *Investors Equity Life Holding Co. v. Schmidt,* 233 Cal. App. 4th 1363 (January 13, 2015)
- *David Bergstein, et al. v. Stroock & Stroock & Lavan, LLP, et al.* 236 Cal. App. 4th 793 (May 1, 2015)

Represented the Beverly Hills Bar Association and the Bay Area Bar Association as *amicus curiae* in *Viner v. Sweet,* 30 Cal.4th 1232 (California Supreme Court 2003) and likewise represented the Association of American Physicians and Surgeons, Inc. in *Mileikowsky v. Tenet HealthSystems,* 128 Cal. App. 4th 531 (2nd District Court of Appeal 2005)

## CERTIFIED SPECIALIST IN LEGAL MALPRACTICE LAW

Among the first attorneys in California to be so certified, effective January 2012

## EXPERT WITNESS EXPERIENCE

Served as an expert witness or consultant both for clients and attorneys in legal malpractice, fee arbitrations, contractual arbitrations, and similar cases in state and federal courts, involving standard of care, professional responsibility and ethics, including conflicts of interest, and for insureds in business and professional liability litigation and coverage matters, including bad faith litigation and *Cumis* arbitrations.

## STATE BAR AND JUDICIAL DISCIPLINARY DEFENSE

Represented attorneys and jurists in responding to disciplinary complaints and investigations initiated by the California State Bar, Los Angeles Superior Court, and United States District Court for the Central District.

## ARBITRATOR

Appointed by the State Bar Board of Trustees to serve as an arbitrator in Mandatory Fee Arbitration cases and member of the LACBA Mandatory Fee Arbitration panel of arbitrators. Experience as party appointed arbitrator in disputes involving legal fees, legal malpractice and insurance coverage, both private and administered by American Arbitration Association.

## PROFESSIONAL AND PUBLIC SERVICE ACTIVITIES

### *United States District Court, Central District, California*

- Member, Disciplinary Committee (May, 2007-present)

### *American Bar Association*

- Member (1977-present)
- Member, **Section of Corporation, Banking and Business Law** (1977-present)
- Member, **Section of Torts Insurance Practice** (1977 - Present)
- Member, **Section of Litigation** (1991 - Present)

### California State Bar

- Member, Section of Litigation (2001-present)
- Appointed Member of the **Standing Committee on Professional Responsibility and Conduct** (2007-2010)
- Appointed Member of the **Standing Committee on Mandatory Fee Arbitration** (2013-present)

### *Los Angeles County Bar Association*

- Member (1982- present)
- Member (1999- present), Chair (2003-2004), Vice Chair (2002-2003), Secretary (2001-03) **Professional Responsibility and Ethics Committee**
- Member (1987 -1991); Chair (1988-90), **Attorneys Errors & Omissions Prevention Committee**
- Member, **Professional Liability Insurance Committee** (1987-90)

EXHIBIT 2
Page 22

*Resume of David B. Parker*
*March 3, 2016*
*Page 3*

- Member, **Group Insurance Programs Committee** (1990-1991)
- Participant, **LACBA Mentor Program** (2003-2006)

### Association of Business Trial Lawyers

- Member (1986-present)
- Member, **Board of Governors** (1988-90)
- Co-Chair, **Insurance Committee** (1992-1994)

### ABOTA (American Board of Trial Advocates)
- Member (2008-Present)

### Association of Professional Responsibility Lawyers
- Member (2005-Present)

### Philippine-American Bar Association
- Member (2012-Present)

### United Scleroderma Foundation

- Member, Board of Directors (1987 - 1996)
- Member, Advisory Board (1996 - 1998 until merger with the Scleroderma Foundation)
- President (1989 - 1991)
- Vice President (1987 - 1988)

### The Scleroderma Foundation

- Founding Board Member, Board of Directors (January 1998 - February 2009)
- Board Secretary (August 1999 - February 2009)
- Member and Secretary, Board of Directors of the Southern California Chapter (April 2009 – present)

### Bridges Academy, Inc.

- Member, Board of Trustees (1998 – June 2009)
- Board Secretary (1998 – June 2009)
- Member, Advisory Board (September 2009 to present)

### Santa Lucians International

- Member, since 2009
- Nonprofit providing medical missions and other humanitarian resources to the people of Santa Lucia, Ilocos Sur, Philippines

## PUBLIC ACKNOWLEDGEMENTS

For 28 years held the "AV" rating by Martindale-Hubble (1987-present)

Identified as among the California's "Super Lawyers" (*Los Angeles Magazine* and www.superlawyers.com) (2004-2016) (professional liability, plaintiffs and defense and business litigation), and in 2009, 2011-2014, and 2016 recognized as one of Southern California's "Top 100" attorneys.

Also identified as one of the leading legal malpractice experts in "Who You Gonna Call?" in *California Lawyer* (February 2002), "The Lawyers' Lawyers" issue of the Daily Journal's *California Law Business* (November 30, 1998), and in the article "The Malpractice Practice" by Pearl J. Piatt.

EXHIBIT 2
Page 23

*Resume of David B. Parker*
*March 3, 2016*
*Page 4*

Recipient of the "Spirit of Hope Award", November 4, 2006, by the Southern California Chapter of the Scleroderma Foundation.

Recipient of the "2006 Founder's Award", on July 21, 2007, by the Scleroderma Foundation for twenty years of service for the Foundation and one of its predecessors, the United Scleroderma Foundation.

Recipient of an "Out of the Box" award for service since 1998 as member of the Board of Trustees of Bridges Academy, May 12, 2007.

## **PUBLICATIONS**

| | |
|---|---|
| Co-Author | *"Overview of Directors' and Officers' Liability Insurance Policies",* Chapter 10 in *Understanding Fiduciary Duties in Business Entities* (CEB 2016) |
| Co-Author | *Malicious Prosecution Handbook (2010)* |
| Co-Author | *Are Communications between a Law Firm's Lawyers and In-House Counsel regarding Actual or Potential Conflicts of Interests with a Client Protected by the Attorney-Client Privilege?* Los Angeles County Bar Association Update (October 2014) |
| Co-Author | *Pre-litigation Demand Letters: Assessing The Thin Line between Zealous Advocacy and Extortion,* Los Angeles County Bar Association Update (December, 2012) |
| Co-Author | *When Is It Ethical for Attorneys to Lie?*, Los Angeles County Bar Association Update (June/July, 2011) |
| Co-Author | *Ethical Implications of "Of Counsel" Relationships*, Los Angeles County Bar Association Update (November 2010) |
| Co-Author | *Keepers of the Secrets*, Los Angeles Lawyer (August 2010) |
| Co-Author | *Modifying Fee Agreements, or How I Learned to Stop Worrying and Love California Rule of Professional Conduct 3-300*, Los Angeles County Bar Association Update (May 2009) |
| Co-Author | *Recognizing Interests and Avoiding Conflicts* (2010) |
| Co-Author | *Ethical Issues in Class Actions and Derivative Litigation* (2008) |
| Co-Author | *Practicing Law Defensively* (2010) |
| Co-Author | *Ethics: Beware of Opposing Counsel Bearing "Gifts"*, Los Angeles County Bar Association Update (March, 2008) |
| Co-Author | *The Pellican's Mess: Ethical Considerations for Attorneys Who Hired Private Investigators in the Wake of Pellicano* (August 2006) |
| Co-Author | *"Advising and Defending Corporate Directors and Officers",* Chapter 12 in *Directors' and Officers' Liability Insurance (CEB 2005 and later supplements)* |
| Co-Author | *The Unknown Ethical Quagmire Under The New Bankruptcy Law, (Lorman Educational Services December 2005)* |
| Co-Author | *The Informed Consent Doctrine: What's Good for the Patient is Good for the Client*, Los Angeles County Bar Update (December 2005) |
| Co-Author | *Avoiding Ethical Pitfalls for New Attorneys*, LACBA Survival Guide for New Attorneys (September 2005) |
| Co-Author | *The California Rules of Professional Conduct: The Good, the Bad, and the Utterly Confusing*, Los Angeles County Bar Update (May 2005) |
| Co-Author | *Directors and Officers Liability Insurance: A Handbook for Corporate Executives and Their Counsel* (November 2004), published in connection with CEB Seminar, Protecting Corporate Officers & Directors (November 2004) |
| Co-Author | *Legal Ethics and the Limited Liability Company*, Lorman Educational Services, "LLCs: Advising Small Business Start-Ups and Larger Companies in California" (July-August 2005) |

EXHIBIT 2
Page 24

*Resume of David B. Parker*
*March 3, 2016*
*Page 5*

| | |
|---|---|
| Co-Author | *Ethics and Entertainment Law in California: The Essentials*, Film & Television Law Conferences, sponsored by CLE International (June 2004, updated June 2005) |
| Co-Author | *After Attorney Error: What is the Duty to Assist the Former Client in Mitigating Consequences?* Los Angeles County Bar Update (November 2003) |
| Co-Author | *Expert Grilling*, Los Angeles Lawyer (November 2001) |
| Co-Author | *The Never-Ending Story: Malicious Prosecution in California* (January 2002) |
| Co-Author | *Baggage Handling: Conflicts in Law Firm Acquisitions and Mergers*, Quality Assurance Review (Summer 2000) |
| Author | *Practicing Defensive Law in the 1990s* (1996-99) |
| Author | *The Practice of Defensive Law by Corporate Securities Lawyers in the 1990s* (1997), 30th Annual Securities Regulation Conference |
| Author | *Law of Causation in Legal Malpractice Cases*, Consumer Attorneys of California, 34th Annual Convention (1995) |
| Co-Author | *The Law of Directors and Officers Insurance* (1993). |
| Co-Author | *Policy Limits Demands* (1993) |
| Co-Author | *Law Firm Liability Under the Federal Securities Laws*, Insights, Vol. 6, No. 3 (1992) |
| Co-Author | *Vicarious Liability of Law Firms for Member Securities Laws Violations as Lawyers and Directors*, 24th Annual Securities Regulation Seminar (1991) |
| Author | *Current Coverage Issues in Directors and Officers Insurance*, P.L.I. (12/10/1990) |
| Author | *Life After Cumis: The Impact of Cumis and Civil Code Section 2860 on Business Litigation*, LACBA Litigation Section Program on "Recent Developments in Business Torts" (1991) |
| Author | *In Defense of the Litigation Privilege*, California Litigation (Winter, 1988) |
| Co-Author | *Confronting the D & O Insurance Crisis: Corporate Manager's Perspective* (1986) |
| Author | *The Role of Liability Insurance in Securities Litigation*, (P.L.I. Securities Litigation: Prosecution and Defense Strategies) (1985) |
| Author | *Directors and Officers Liability Insurance: What You Must Know to Protect Your Client*, (P.L.I., Recent Developments in Securities Litigation) (1984) |
| Co-Author | Note, *Erosion of the Error-in Judgment Rule: Informed Decision-Making and Informed Consent*, Legal Malpractice Committee Newsletter (November, 1981), International Association of Insurance Counsel |
| Co-Author | Note, *Third-Party Indemnity Claims Against Attorneys: The California Rule and Its Evolution*, Legal Malpractice Committee Newsletter (November, 1980), International Association of Insurance Counsel |
| Author | *Attorney Liability Under the Securities Laws After Ernst & Ernst v. Hochfelder*, 10 Loyola Los Angeles L. Rev. 521 (1977) |
| Co-Author | *Advising and Defending Corporate Officers and Directors Under the New General Corporation Law*, (CEB, 1977) |
| Co-Author | *Liability Insurance Coverage Under the Securities Laws*, (USC Law Center 4th Annual Corporate Law and Finance Institute, 1976) |
| Co-Author | Note, *Beyond the Client: Attorney Liability to Third Persons*, Legal Malpractice Committee Newsletter (October, 1976), International Association of Insurance Counsel |
| Author | Note, *Juveniles in the Criminal Courts: A Substantive View of the Fitness Decision*, 23 UCLA L. Rev. 988 (1976) |

EXHIBIT 2
Page 25

*Resume of David B. Parker*
*March 3, 2016*
*Page 6*

# LECTURES AND SEMINARS

**Seminar Speaker, Panelist and Lecturer**:

Has spoken at various public and private seminars and study groups attended by practicing attorneys and members of the business and insurance sectors throughout California and the United States, for or sponsored by such organizations as the American Bar Association, California State Bar (Sections on Litigation, Business Law, and Real Estate, the State Bar Annual Conference and Statewide Ethics Symposium sponsored by the Standing Committee on Professional Responsibility and Conduct), Continuing Education of the Bar, The Rutter Group, Practicing Law Institute, Lorman Education Services, Association of Southern California Defense Counsel, CLE International, Association of Business Trial Lawyers, Association of Professional Responsibility Lawyers, Lawyers Professional Liability Bar Association, Southern California Insurance Defense Counsel, American Academy of Matrimonial Lawyers, George McBurney Business Litigation Inn of Court, Home Insurance Company, Chubb Insurance Company, Los Angeles County Bar Association ("Nuts and Bolts" program, presentations sponsored by various sections including Litigation, Intellectual Property, Business and Corporations, Real Estate, Labor & Employment, Barristers and for various Committees, including Professional Responsibility and Ethics, Errors and Omissions Prevention), Orange County Bar Association  (Insurance Law Section and Young Lawyers Group), Century City Bar Association (Litigation Section), Beverly Hills Bar Association (Entertainment Law Section), San Fernando Valley Bar Association, Whittier Bar Association, Philippine American Bar Association, Desert Bar Association, Attorneys Insurance Mutual Risk Retention Group, California Society of CPAs (Los Angeles-Long Beach and Orange County Chapters), Young Presidents Organization, Community Institutions Institute, Mid-Cities Independent Insurance Agents Association, Johnson & Higgins, USC Tax Institute, and various private law firms (listed below); and lectured on professional responsibility as visiting speaker at UCLA, Southwestern and Loyola Law Schools and family law study groups in Beverly Hills and Whittier.

**Chronological List of Speaking Engagements:**

09/14/81    Lectured on informed consent and judgmental immunity to the Family Law "Premier" Study Group at the request of S. David Rosenson [members included Bob Brock, Spencer Brandeis, Irwin Buter, Arlene Colman-Schwimmer, Norman Dolin, Manley Fried, Leonard Glusman, Paul Gutman, Godfrey Isaac, Daniel J. Jaffe and Joseph Taback]

03/29/84    Lectured to the Community Associations Institute on Liabilities of Directors, Officers and Volunteers of Community Non-Profit Associations at CAI Research Foundation Symposium on Community Association Directors and Officers Liability Insurance in San Francisco, CA.  Co-panelists: Richard Kennedy (Bennett, Hueston, Kennedy & Mueller from Florham Park, N.J.), Ian Graham (Booth & Simpson) and Doug Kleine (Director of CAI Research Foundation)

04/27/84    Lectured to the Corporate Law Departments Section and Business Litigation Section of the Century City Bar Association on Officers and Directors Insurance: What You Must Know to Protect Your Clients. Co-panelists: David Kalinoff (Prof. Liability Underwriting Manager for Cameron & Colby) and Ian Graham (Booth & Simpson)

10/25/84    Lectured to the Community Associations Institute on D & O Policies from a Broker and Carrier's Viewpoint in Philadelphia, Penn. for Symposium of Community Associations Institute National Conference on Community Associations.  Co-panelists: Ian Graham (Booth & Simpson), Samuel L. Hager (Jacobson, Goldfarb & Scott from Perth Amboy, NJ), Philip S. Downer (Hyatt & Rhoads from Atlanta, GA), Thomas E. Miller (Miller & Gibbs from San Diego, CA) and E. Richard Kennedy (Bennett, Hueston, Kennedy & Mueller from Florham Park, N.J.)

12/10/84    Seminar panelist in Practicing Law Institute program, Recent Developments in Securities Litigation, lecturing on Directors and Officers, Accountant and Attorney Liability Insurance: What You must Know in Order to Protect Your Clients.  Co-panelists: Bruce Vanyo (Wilson, Sonsini, Goodrich & Rosati), Ed Yodowitz (Skadden, Arps, Slate, Meagher & Flom), Sherrie Savett (Berger & Montague), Tower Snow (Orrick, Herrington & Sutcliffe), John Grasberger (Milberg, Weiss, Bershad, Specthrie & Lerach)

01/26/85    Seminar panelist on Sweaty Palms: Dealing with the Policy Limits Demand at the 24th Annual Seminar sponsored by Association of Southern California Defense Counsel.  Co-panelists: Ray Cotkin (Cotkin & Collins) and Kelley Beck (Hawkins, Schnabel & Lindahl)

06/14/85    Lectured to Mid-Cities Independent Insurance Agents Association at the request of Curt Jacobson of Gold Insurance Agency on malpractice prevention

10/17/85    Lectured to the Community Associations Institute sponsored National Conference on Community Associations in Denver, Colorado on The Directors and Officers Liability Policy--Coverage Issues--Litigation of Policy Suits with Ian Graham (Booth & Simpson), Richard Kennedy (Bennett, Hueston, Kennedy & Mueller from Florham Park,

EXHIBIT 2
Page 26

*Resume of David B. Parker*
*March 3, 2016*
*Page 7*

|  | N.J.), Barbara Wick (Condominium Insurance Specialists of America), Professor Katherine Rosenberry (California Western School of Law, San Diego, CA), Marshall N. Dickler (Marshall N. Dickler, Ltd.) |

10/03/85      Seminar panelist in Practicing Law Institute program, Securities Litigation: Prosecution and Defense Strategies, lecturing on the Role of Liability Insurance in Securities Litigation.  Co-Panelists: Co-panelists: Bruce Vanyo (Wilson, Sonsini, Goodrich & Rosati), Ed Yodowitz (Skadden, Arps, Slate, Meagher, & Flom), Sherrie Savett (Berger & Montague), Tower Snow (Orrick, Herrington & Sutcliffe), Kenneth Heitz (Irell & Manella)

04/24/86      Seminar panelist for Intellectual Property and Unfair Competition Sections of the LACBA on Litigation Against Lawyers in the Intellectual Property Field.  Co-panelists: William F. Flahaven and Charles J. Schufreider (Barton, Klugman & Oetting)

05/09/86      Seminar panelist for the Eighth Annual Spring Program of the Business Law Section of the State Bar of California on The Liability Crisis, on the subject of The Impact of the Crisis on Lawyers. Co-panelists: Robert A. Chick (President of Lawyers Mutual Insurance Company) and George V. Genzmer, III, (Murchison & Cumming)

05/21/86      Lectured on Malpractice Crisis: Avoiding Malpractice Claims Against Accountants at seminar sponsored by the Orange County/Long Beach Chapter of the California Society of Certified Public Accountants

09/26/86      Seminar panelist at Symposium, Child Care: A Cost of Doing Business sponsored by City of Irvine, The Irvine Company, the Industrial League of Orange County and the AMI/The Irvine Medical Center, on topic of Liability and Tax Implications of Child Care

10/26/86      Moderator and seminar panelist on Scientific Jury Selection and Persuasion as part of the Thirteen Annual Seminar of the Association of Business Trial Lawyers on The State of the Art Trial: Innovative Use of Experts and Trial Techniques   in Maui, Hawaii. Co-panelists: Maxwell Blecher (Blecher & Collins), Max Gillam (Latham & Watkins), Dr. Philip K. Anthony (Litigation Sciences), Edward Bodaken (Bodaken & Associates), and U.S. District Judge Harry Hupp

11/13/86      Lectured on liability and insurance considerations as part of a panel on Staying Private, as part of the 1986 Chief Executive Conference on Capital sponsored by Lewis, D'Amato, Brisbois & Bisgaard.  Co-panelists: David T. Thompson (Deloitte, Haskins & Sells) and Kenneth T. Friedman (President of HLHZ Capital)

11/20/86      Lectured on Directors and Officers Liability Insurance: How to Buy It, Where to Buy It, How to Avoid Losses at Insurance Seminar sponsored by Young Presidents Organization in Los Angeles, CA

1987      Seminar panelist on Attorney Malpractice Prevention sponsored by the Attorneys Errors & Omissions Prevention and Insurance Committees of the Los Angeles County Bar Association.  Co-panelists: Larry Feldman, Arnold Gold, Ellen Peck

11/00/87      Lectured at Litigation Night Dinner Symposium for the Los Angeles-Long Beach Chapter of the California Society of CPAs, addressing liabilities of accountants in securities litigation

02/25/88      Seminar panelist on Recent Developments in Securities Class Actions, sponsored jointly by the Business and Corporations Law Section and the Litigation Section of the Los Angeles County Bar Association, together with William S. Lerach (Milberg, Weiss, Bershad, Specthrie & Lerach) and Bruce G. Vanyo (Wilson, Sonsini, Goodrich & Rosati)

04/05/88      Lectured at seminar sponsored by the Insurance Law Section of the Orange Country Bar Association on recent development in Directors and Officers Liability Insurance

04/12/88      Seminar panelist for seminar sponsored by the Association of Business Trial Lawyers, Legal Malpractice: To Sue or Not to Sue? That is the Question.  Co-panelists: District Court Judge John Davies, Los Angeles Superior Court Judge Jack Tenner, Harvey Saferstein (Irell & Manella), S. Thomas Pollack (Irell & Manella) and Robert M. Meyer (Loeb & Loeb)

09/26/88      Seminar panelist at the 1988 State Bar Meeting Legal Opinions in Business Transactions.  Co-panelists: Paul D. Freeman, John Hartigan (Morgan, Lewis & Bockius), Thomas Kellerman (Brobeck, Phleger & Harrison), Ronald Loeb (Irell & Manella)

02/14/89      Lectured to the claims department for Chubb Insurance Company in Orange County on policy limits demands

10/00/89      Seminar panelist on malpractice prevention sponsored by Home Insurance Company. Co-panelist: Jeffrey Smith, co-author of *Legal Malpractice* (Atlanta, GA)

04/24/90      Seminar panelist on Recent Developments Concerning Attorneys Liability in Business Transactions, as part of the

EXHIBIT 2
Page 27

*Resume of David B. Parker*
*March 3, 2016*
*Page 8*

|  |  |
|---|---|
|  | 1990 Glendon Tremaine Symposium on Recent Developments of Interest to the Business Lawyer, sponsored by the Corporation and Business Law Section of Los Angeles County Bar Association.  Co-panelists: Dean B. Herman (Ervin, Cohen & Jessup) and Teresa M. Quinn (Lillick & McHose) |
| 09/17/90 | Lectured to the Litigation Services Department of Coopers & Lybrand on Expert Witnesses: the Good, the Bad and the Ugly, Los Angeles, CA |
| 01/00/91 | Seminar panelist in Practicing Law Institute program, Insurance, Excess and Reinsurance Coverage Disputes 1991, lecturing on Current Coverage Issues in Directors and Officers Insurance.  Co-panelists: Thomas Newman (Bower & Gardner, New York), Curtis Caton (Heller, Erhman, White & McAuliffe), Scott Conley (Sedgwick, Deitert, Moran & Arnold), Raoul Kennedy (Crosby, Heafey, Roach & May), Robert Zeavin (Buchalter, Nemer, Fields & Younger) |
| 03/00/91 | Lectured to the law firm of Armstrong, Hendler & Hirsch on requirements for written fee agreements and conflicts of interest for entertainment lawyers |
| 04/24/91 | Moderated the 1991 Glendon Tremaine Symposium on Recent Developments of Interest to the Business Lawyer, sponsored by the Business and Corporations Law Section of the Los Angeles County Bar Association, on the topic of Recent Developments Concerning Professional Liability in Business Transactions. Co-panelists: Wayne Baliga (Counsel to AON Corporation), Irving Einhorn, Dean Herman (Ervin, Cohen & Jessup), and Thomas S. Loo (Bryan Cave) |
| 00/00/91 | Seminar panelist on Recent Developments in Business Torts, sponsored by the Litigation Section of the Los Angeles County Bar Association with Richard Stone (Sheppard, Mullin, Richter & Hampton), Robert Mangels (Jeffer, Mangels, Butler & Marmaro), and Michael Hennigan (Howrey & Simon), lecturing on Life After Cumis: The Impact of Cumis and Civil Code Section 2860 on Business Litigation |
| 10/30/91 | Seminar panelist at the 24th Annual Securities Regulation Seminar co-sponsored by the Business and Corporations Law Section of LACBA together with SEC and California Department of Corporations.  Co-panels: Bob Carlson (Paul, Hastings, Janofsky & Walker), Gavin Miller (Brobeck, Phleger & Harrison), and C. Douglas Kranwinkle (O'Melveny & Myers), speaking on vicarious liability of law firms for member securities law violations as lawyers and directors |
| 02/05/93 & 02/01/93 | Seminar panelist on Recent Developments in Insurance Law sponsored by Lorman Business Center, Inc. Co-panelists, Joseph K. Hegedus (Lewis, D'Amato, Brisbois & Bisgaard), Ray Cotkin and Steve Paine (Cotkin & Collins) |
| 3/13/93 | Lectured to the Litigation Department of Loeb & Loeb on The Perils and Pitfalls of Malpractice for Business Litigators |
| 00/00/93 | Seminar panelist on business insurance sponsored by Johnson & Higgins.  Co-panelist: Kirk Pasich (Hill, Wynn, Troope & Meissinger) |
| 04/13/94 | Seminar panelist at the Glendon Tremaine Seminar on Recent Developments in Ethics and Professional Liability for Corporate and Securities Lawyers, on Ethical Considerations in Rendering Legal Opinions. Co-panelists Robert A. Meyer (Loeb & Loeb) and James W. Mercer (Howrey & Simon) |
| 05/31/95 | Seminar panelist on Professional Liability, sponsored by the Rutter Group.  Co-panelists: with Hon. Valerie Baker (Los Angeles Superior Court), Hon. Zerne Haning (Justice, First District Court of Appeal), Andra Green (Irell & Manella) in Newport Beach, CA |
| 11/16/95 | Seminar panelist on Consumer Attorneys of California, 34th Annual Convention, San Francisco, lecturing on Law of Causation in Legal Malpractice Cases.  Co-panelists: Steve Rubin (Rubin & McGonigle), Bruce Bunch (Kontos & Bunche) |
| 11/21/95 | Seminar panelist on Law of Causation in Legal Malpractice Cases, for Lawyers Professional Liability Bar Association |
| 11/21/95 | Seminar panelist on Recent Developments in D & O Insurance, presented to legal department of California Federal Savings |
| 11/15/96 | Seminar panelist on Practicing Defensive Law in the 1990's, presented to Troy & Gould. |
| 05/01/97 | Seminar panelist on Settling Complex Business Litigation, George McBurney Inn of Court, Los Angeles, CA, lecturing on partial settlements of class action and other business litigation, the role of insurance, and pitfalls for practitioners; co-panelists: Hon. Andrew J. Wistrich (Judge-Magistrate United States District Court Central |

EXHIBIT 2
Page 28

District of California), Hon. Bruce E. Mitchell (Commissioner of Los Angeles Superior Court, assigned to Class Action Department), Jeff S. Westerman (Milberg Weiss Bershad Hynes & Lerach), and Derek Hunt (Troy & Gould)

10/24/97    Seminar panelist on The Practice of Defensive Law by Corporate Securities Lawyers In The 1990's, presented at the 30th Annual Securities Regulation Conference sponsored by the Business Law Section of the Los Angeles County Bar Association, the Securities and Exchange Commission, California Department of Corporations, and NASD.  Other panelists, William McLucas (Director, Division of Enforcement for the Securities and Exchange Commission), and Patrick Coughlin (senior trial counsel for Milberg, Weiss, Bershad, Hynes & Lerach)

05/06/98 &    Seminar panelist on Protecting Directors and Officers From Liability, sponsored by California Continuing
06/11/98    Education of the Bar and State Bar Business Law Section, on topic of Directors and Officers Liability Insurance and Corporate Indemnification.  Co-panelists: William Gould and Joseph Troy (Troy & Gould), Ronald M. Loeb (Irell & Manella), Neal Brockmeyer (Heller, Ehrman, White & McAuliffe)

06/03/99    Lectured, Practicing Defensive Law in the 1990's, presented to Troy & Gould

07/13/99    Lectured on management of litigation risks to Los Angeles Chapter, Young Executives Organization

10/22/99    Seminar panelist and moderator on How to Avoid Malpractice in Securities Transactions, 32nd Annual Securities Regulation Conference sponsored by Los Angeles County Bar Association Business and Corporations Law Section, State Bar Business Law Section, Securities & Exchange Commission, California Department of Corporations, National Association of Securities Dealers, North American Securities Administrators Association, Inc. Co-panelists: Joseph Troy (Troy & Gould), Ellen Peck

10/20/00    Seminar panelist and moderator on The Pearls and Perils of Investing with Clients, 33rd Annual Securities Regulation Conference sponsored by Los Angeles County Bar Association Business and Corporations Law Section, State Bar Business Law Section, Securities & Exchange Commission, California Department of Corporations, National Association of Securities Dealers, North American Securities Administrators Association, Inc. Co-panelists: Don Bradley (Wilson, Sonsini, Goodrich & Rosati), Ellen Peck

10/26/00    Lectured at Voyage Into the Vagaries, Virtues and Vulgarities of Insurance Defense, presented to the Beverly Hills Bar Association.  Co-speaker: Diane Karpman

01/16/01 &    Seminar panelist on Never-End Story: Malicious Prosecution in California, Association of Business Trial Lawyers
01/23/01    (Santa Monica and Los Angeles, CA, respectively); Co-Panelist with John Amberg, Hon. Harvey Schneider, and Hon. Valerie Baker

04/22/01    Seminar panelist on Malpractice Tips for Real Estate Lawyers, 20th Annual Real Property Retreat, sponsored by the Real Estate Section of the State Bar of California (Silverado Country Club & Resort, CA); Co-Panelist: Karen M. Goodman

11/29/01    Seminar panelist on Legal Intimidation: the Ethical Challenge, sponsored by Litigation Section of the Beverly Hills Bar Association (Beverly Hills, CA); Co-Panelist: Jeffrey A. Tidus and Shirley Deutsch

03/20/02    Lectured on Cross-Examination of Legal Malpractice Experts, sponsored by the Lawyers Professional Liability Bar Association (Los Angeles, CA).

06/19/02    Lectured on Malicious prosecution, sponsored by the Lawyers Professional Liability Bar Association (Los Angeles, CA); Co-panelists Kenneth Feldman (Lewis, D'Amato, Brisbois & Bisgaard), Edith Matthai (Robie & Matthai).

08/03/02    Seminar panelist on Protecting Directors and Officers From Liability in the Post-Enron Environment, sponsored by California Continuing Education of the Bar; Co-panelists: William Gould (Troy & Gould), Kent Graham (O'Melveny & Myers), Neal Brockmeyer (Heller, Ehrman, White & McAuliffe).

12/07/02    Seminar panelist on "Nuts & Bolts: Basic Litigation Skills: Essential Tools for Lawyers", sponsored by Los Angeles County Bar Association, "A Tool Box for Malicious Prosecution"; Co-panelists, Diane Karpman and Danny T. Morin

11/01/03    Seminar panelist on Recent Developments In Ethics for Litigators, Desert Bar Association; Co-panelist, Louisa Lau.

12/03/03    Seminar Panelist on Recent Developments in Ethics for Litigators, Los Angeles County Bar Association Trial Practice Inn of Court; Co-panelist, Louisa Lau

EXHIBIT 2
Page 29

*Resume of David B. Parker*
*March 3, 2016*
*Page 10*

| | |
|---|---|
| 12/06/03 | Seminar panelist on "Nuts & Bolts: Basic Litigation Skills: Essential Tools for Lawyers", sponsored by Barristers of the Los Angeles County Bar Association, entitled "A Tool Box for Malicious Prosecution"; Co-panelists, Diane Karpman and Danny T. Morin |
| 01/10/04 & 01/30/04 | Seminar panelist on "Getting in and Getting Out: Avoiding Malpractice in the Representation Process," sponsored by CEB; Co-Panelists: John W. Amberg and Diane Karpman. |
| 02/18/04 | Lectured on "New CACI Jury Instructions in Legal Malpractice Cases," presented to the Lawyers Professional Liability Bar Association |
| 06/21/04 | Lectured on *Ethics and Entertainment Law in California: The Essentials*, Film & Television Law Symposium, sponsored by CLE International (June 2004) |
| 11/20/04 & 12/03/04 | Seminar panelist on "Advising Corporate Officers and Directors in a Post-Sarbanes World, sponsored by Continuing Education of the Bar, with co-panelists James Levin and Dale Short. |
| 11/24/04 | Seminar panelist on Responding Ethically And Effectively To Hardball Tactics, as part of *Ethics 2004-Keeping Current in a World of Change*, sponsored by The Professional Responsibility and Ethics Committee of the Los Angeles County Bar Association, with co-panelist, Jeffrey A. Tidus. |
| 12/01/04 | Seminar panelist on Recent Developments in Ethics for Litigators, sponsored by Los Angeles County Bar Association Trial Practice Inn of Court; Co-panelist: Louisa Lau |
| 01/19/05 | Seminar panelist on Annual Entertainment Law Update, Legal Ethics, sponsored by Beverly Hills Bar Association; Co-Panelist: Richard S. Reisberg |
| 02/08/05 | Seminar panelist on Recent Developments in Ethics, sponsored by Whittier Bar Association; Co-panelist, Louisa Lau |
| 06/24/05 | Seminar panelist on *Ethics and Entertainment Law in California: The Essentials*, Film & Television Law Symposium, sponsored by CLE International |
| 08/10/05 | Seminar panelist on Recent Developments, Whittier Family Law Study Group; co-panelist, Louisa Lau |
| 09/15/05 | Seminar panelist at  Legal Roundtable regarding Handling Complex Legal Malpractice Cases, sponsored by State Bar "Big News" publication (co-panelists, John A. Girardi, Diane L. Karpman, Carol D. Kuluva, Robert K. Sall, Hon. Margaret M. Grignon and John M. Cotkin) |
| 09/24/05 | Lectured at Protect Yourself: Zone Out, presentation to the 2nd Annual Conference of Filipino American Lawyers of California |
| 12/10/05 | Seminar panelist on *Fee Disputes*, as part of *Ethics 2004-Keeping Current in a World of Change*, sponsored by The Professional Responsibility and Ethics Committee of the Los Angeles County Bar Association, with co-panelist, Ellen Pansky. |
| 12/16/05 | Seminar panelist on *The Unknown Ethical Quagmire Under The New Bankruptcy Law*, Understanding the Bankruptcy Reform Act of 2005, sponsored by Lorman Educational Services (co-panelist, Jayesh Patel) |
| 01/11/06 | Seminar panelist on *Current Ethics Issues in Insurance Law and Practice*, Quisenberry Law Firm Seminar, Insurance Bad Faith Litigation in an Era of Tort Reform (co-panelists, John Quisenberry and Gerald Knapton) |
| 01/21/06 | Seminar Panelist on "Nuts & Bolts: Basic Litigation Skills: Essential Tools for Lawyers", sponsored by Barristers of the Los Angeles County Bar Association, entitled "A Primer: Practical Aspects of Professional Responsibility— Issues of Disqualification, Discipline and Defense to Malpractice Claims"; Co-panelist, Danny T. Morin |
| 05/06/06 | Seminar panelist on "Using Client Secrets—Reconciling the Duty of Confidentiality with a Lawyer's Right to Defend Himself or Others", Tenth Annual Statewide Ethics Symposium, presented by State Bar of California Committee on Professional Responsibility and Conduct, University of Santa Clara; Co-panelists: David M. Jargiello, Robert K. Sall, Donald E. Bradley, Frances M. O'Meara. |
| 08/01/06 | Seminar panelist on "Damages or Disqualification? Civil Liability for Conflicts of Interest" sponsored by Association of Professional Responsibility Lawyers, Santa Monica, CA; Co-panelists: David P. Atkins and William Freivogel. |
| 09/09/06 | Seminar panelist on "Ethical Fallout of Technology," as part of 2006 Institute of Entertainment Law and Business, sponsored by USC Gould School of Law and Beverly Hills Bar Association; Co-panelists: Kevin E. Mohr, |

EXHIBIT 2
Page 30

Heather Rosing, Judith Gilbert.

09/29/06    Lectured on *The Pellican's Mess: Ethical Considerations for Attorneys Who Hired Private Investigators in the Wake of Pellicano*, Film & Television Law Symposium, sponsored by CLE International

12/06/06    Lectured on *The Unknown Ethical Quagmire Under The New Bankruptcy Law*, Bankruptcy in California, sponsored by Lorman Educational Services (co-panelist, William K. Mills)

12/09/06    Seminar panelist on *Bound by the Oath—Limits on a Lawyer's Right of Self-Defense*, as part of **Ethics 2006-Cutting Edge Issues**, sponsored by The Professional Responsibility and Ethics Committee of the Los Angeles County Bar Association, with co-panelists, Diane Karpman and Joel Osman.

01/16/07    Seminar panelist on "Ethical Fallout of Technology," as part of the Beverly Hills Bar Association Entertainment Law Extravaganza; Co-panelists: Kevin E. Mohr, Heather Rosing, Judith Gilbert.

01/23/07    Seminar panelist on *Current Ethics Issues in Insurance Law and Practice*, Quisenberry Law Firm Seminar, Insurance Bad Faith Litigation in an Era of Tort Reform (co-panelists, John Quisenberry, Gerald Knapton and Lourdes Dearmas)

01/27/07    Seminar panelist on "Nuts & Bolts: Basic Litigation Skills: Essential Tools for Lawyers", sponsored by Barristers of the Los Angeles County Bar Association, entitled "A Primer: Practical Aspects of Professional Responsibility—Issues of Disqualification, Discipline and Defense to Malpractice Claims"; Co-panelist, Danny T. Morin

07/27/07 &    Seminar panelist on Real Estate Litigation, sponsored by Lorman Educational Services in Santa Ana and
09/12/07    Pasadena, CA; co-panelists: Elaine B. Alston, Mark A. Ross and Uzzell S Branson III.

09/26/07    Lectured on "Class Action Litigation Ethics" as part of the seminar New Developments in Class Action Litigation, sponsored by The Quisenberry Law Firm

09/27/07    Seminar panelist on "Ethical Fallout of Technology," as part of the 2007 State Bar Annual Meeting in Anaheim, CA; Co-panelists: Kevin E. Mohr, Heather Rosing, Judith Gilbert.

01/26/08    Seminar panelist on "Nuts & Bolts: Basic Litigation Skills: Essential Tools for Lawyers", sponsored by Barristers of the Los Angeles County Bar Association, entitled "A Primer: Practical Aspects of Professional Responsibility—Issues of Disqualification, Discipline and Defense to Malpractice Claims"; Co-panelists, Diane Karpman and William K. Mills

01/29/08    Seminar panelist on  "Don't Lose Your License or Your Savings," sponsored by Real Estate Section of the Beverly Hills Bar Association; co-panelist, Ellen Pansky

03/06/08    Seminar panelist at The Twenty Eighth Annual Labor and Employment Law Symposium, sponsored by Los Angeles County Bar Association, "*Liens and Taxes and Bankruptcy: Oh My*!, along with co-panelists Lester Jones, Ted Cohen and Robert W. Wood

05/03/08    Seminar panelist on "Ethical Issues in Class Actions and Derivative Litigation", Twelfth Annual Statewide Ethics Symposium, presented by State Bar of California Committee on Professional Responsibility and Conduct, University of San Francisco; Co-panelists: Diane Karpman and Shawn Harpen

09/26/08    Seminar panelist on "Recognizing Interests and Avoiding Conflicts", as part of the 2008 State Bar Annual Meeting in Monterey, CA; co-panelists: Brian Forbes and Dan Carroll

01/07/09    Lectured on "Best Practices to Stay Out Of Bar Court", San Fernando Valley Bar Association

01/23/09    Lectured on *Ethics: Considerations for Working with Distress Properties*, Real Estate Restructuring, sponsored by CLE International

01/24/09    Seminar panelist on "Nuts & Bolts: Basic Litigation Skills: Essential Tools for Lawyers", sponsored by Barristers of the Los Angeles County Bar Association, entitled "Blockbuster Ethics Cases: Things You Need to Know to Stay Out of Trouble - Crucial Tips to Prevent Malpractice." Co-panelists: Ellen Pansky and William K. Mills.

04/23/09    Seminar panelist on "Laterally Challenged: Working Your Way Through the Ethical Minefield", sponsored at the Spring 2009 ABA National Legal Malpractice Conference, sponsored by the Standing Committee on Lawyers' Professional Liability. Co-panelists: Lucian T. Pera, W. Donald Cox and Thomas Fitzgerald.

05/02/09    Seminar panelist on "Advance Absolution: Ten Deadly Sins in Attorney-Client Engagement Agreements and How to Avoid Them", Thirteenth Annual Statewide Ethics Symposium, presented by State Bar of California Committee on Professional Responsibility and Conduct, University of San Francisco; Co-panelists: Dan L. Carroll, Heather

EXHIBIT 2
Page 31

*Resume of David B. Parker*
*March 3, 2016*
*Page 12*

           Rosing and David Cameron Carr

| | |
|---|---|
| 09/11/09 | Seminar panelist on "Avoiding Involuntary Pro Bono Work: Form the Attorney-Client Relationship and Collecting Fees", as part of the 2009 State Bar Annual Meeting in San Diego, CA; co-panelists: Dan Carroll, Wendy Mazzarella, Jeffrey Tidus |
| 10/16/09 | Seminar panelist on "General Practice 101: Avoiding Solo/Small Firm Ethical Traps" sponsored by ABA General Practice, Solo & Small Firm Division Fall Meeting; co-panelist, William K. Mills |
| 10/17/09 | Seminar panelist on "Ethical Paradigms For 2009: Navigating Ethics & Thriving In This Contracting, Increasingly Mobile & Hyper-Competitive Legal Marketplace" as part of 2009 Institute of Entertainment Law and Business, sponsored by USC Gould School of Law and Beverly Hills Bar Association; co-panelists Robert K. Sall, Carol Buckner, Judi Gilbert |
| 11/19/09 | Seminar panelist on "Lawyer-Client Confidentiality: The Meaning of "At Every Peril," as part of Orange County Bar Association sponsored seminar, Legal Malpractice and How to Avoid it; co-panelists Eugen C. Andres, Gregory H. Halliday, Mitchell F. Mulbarger, Ellen Peck and Robert S. Sall |
| 01/9/10 | Seminar panelist on "Really Scary Stuff about Conflicts of Interest", as part of Ethics 2010—Keeping Current in a World of Change, sponsored by the Professional Responsibility and Ethics Committee of the Los Angeles County Bar Association; co-panelist, Joel Osman |
| 01/25-26/10 | Seminar Panelist "Ethical Paradigms for 2009:  Navigating Ethics & Thriving in this Contracting, Increasingly Mobile & Hyper Competitive Legal Marketplace" as part of 2010 USC Tax Institute; co-panelists: Robert K. Sall, Judy Gilbert. |
| 01/29/10 | Seminar panelist on "Nuts & Bolts: Basic Litigation Skills: Essential Tools for Lawyers", sponsored by Los Angeles County Bar Association, "Current Ethics Issues Facing California Lawyers"; Co-panelists, Diane Karpman and William K. Mills |
| 05/01/10 | Seminar moderator panelist on "*Reeling from the Recession: Keeping Faith with Ethics of the Profession During Turbulent  Times*", Fourteenth Annual Statewide Ethics Symposium, presented by State Bar of California Committee on Professional Responsibility and Conduct, at Practicing Law Institute, San Francisco; Co-panelists: Ronald L. Mallen, Suzanne Anderson, Karen Johnson-McKewan, Lynn O'Leary. |
| 09/21/10 | Seminar panelist on "Legal Malpractice and How to Avoid it" sponsored by Orange County Bar Association; Co-panelists Eugen C. Andres, Gregory H. Halliday, and Robert S. Sall |
| 09/24/10 | Seminar panelist on "Conflicts for Lawyers: How to Get Yourself Disqualified, Sued & Disciplined," sponsored by State Bar of California Committee on Professional Responsibility and Conduct, at the California State Bar Annual Conference, Monterey, CA; Co-panelists: Daniel Carroll and Neil Wertlieb |
| 09/25/10 | Seminar Panelist "Ethical Paradigms for 2010" presented at the California State Bar Annual Conference, Monterey, CA; Co-panelists: Carol Buckner, Judy Gilbert |
| 01/17/11 | Seminar Panelist "Disorder in the Courts: Entertainment Litigators Under Attack" sponsored by Beverly Hills Bar Association Entertainment Law Section; Co-Panelists Re Heinke, William K. Mills, Timothy D. Reuben and Kenneth D. Freundlich |
| 01/29/11 | Seminar panelist on "The Technological Frontier Meets Ethics Issues" as part of Ethics: All You Need to Know, sponsored by the Professional Responsibility and Ethics Committee of the Los Angeles County Bar Association; co-panelist, James Ham |
| 04/13/12 | Seminar panelist on as part of LACBA 2012 Nuts and Bolts: Basic Litigation Skills Essential Tools for Lawyers, entitled "Blockbuster Ethics Cases: Things You Need to Know to Stay Out of Trouble - Crucial Tips to Prevent Malpractice."; co-panelists Kenneth Feldman and William K. Mills |
| 05/19/12 | Seminar panelist on "*The Ethical and Practical Implications of Shared Client Representations*", Sixteenth Annual Statewide Ethics Symposium, presented by the State Bar of California Committee on Professional Responsibility and Conduct, Hastings Law School, San Francisco; Co-panelists Wendy Wen Yun Chang, Joan N. D'Ambrosio, |

EXHIBIT 2
Page 32

and Eliza M. Rodrigues

| | |
|---|---|
| 08/25/12 | Seminar panelist in "Avoiding Malpractice Claims" program sponsored by American Academy of Matrimonial Lawyers, Newport Beach, CA, with Diane Karpman and Hon. Sheila Sonenshine |
| 10/4/12 | Speaker, "Practical Issues of Basic Risk Management", TEN Esquire Network, Beverly Hills, CA |
| 10/11/12 | Co-panelist, "Ethics for Cross-Border Practice", presented at the California State Bar Annual Conference, Monterey, CA; Co-panelists: Alexandra Darraby, John W. Amberg, and Maria Chedid |
| 10/27/12 | Co-panelist, "Hurdling the State Bar Current Ethical Issues," as part of 2012 Institute of Entertainment Law and Business, sponsored by USC Gould School of Law and Beverly Hills Bar Association; co-panelists Wendy Chang. Sall, Kevin Mohr, Judi Gilbert |
| 11/13/12 | Speaker, "Practical Issues of Basic Risk Management", TEN Esquire Network, Los Angeles, CA |
| 12/1/12 | Seminar panelist on "Oldies But Goodies: A Discussion of Ethical Issues that Continuously Confront the Practicing Lawyer" as part of program "Ethics: All You Need to Know", sponsored by the Professional Responsibility and Ethics Committee of the Los Angeles County Bar Association; co-panelist, Diane Karpman |
| 1/29/13 | Seminar Panelist "Surviving the State Bar and Angry Clients: Current Ethical Issues" as part of 2013 USC Gould School of Law Tax Institute; co-panelists: Kevin Mohr, Wendy Chang, and Judy Gilbert. |
| 2/20/13 | Seminar participant on "What's New in the Music Industry: Copyright Terminations, Litigation, Ethical Considerations and New Business Models," hosted by the Entertainment Law Section of the Beverly Hills Bar Association, addressing conflicts in multi-party representations. Other panel participants: Richard Busch from King & Ballow, Rick DuChateau from Gelfand, Rennert & Feldman's royalty audit division and Chris Nilsson, Tenth Street Entertainment; moderator: Jennifer Cary, Consulting Copyright Manager/Royalty Analyst. |
| 08/10/13 | Co-panelist, "Ethics Rules: How Social Media and Internet Have Internationalized 'American' Practice", sponsored by ABA Forum on the Entertainment and Sports Industries and presented at the American Bar Association Annual Conference, San Francisco, CA; Co-panelists: Alexandra Darraby, John W. Amberg, and Maria Chedid |
| 10/10/13 | Co-panelist, "Surviving the State Bar and Angry Clients," at the California State Bar Annual Conference in San Jose, CA; Co-panelists: Kevin Mohr, Wendy Chang, and Judy Gilbert |
| 9/13/14 | Co-Panelist, "Money in the Bank: Fee Agreements that work" at the California State Bar Annual Conference in San Diego, CA, sponsored by Committee on Mandatory Fee Arbitration of the State Bar; Co-Panelists: George Zugmsith and Nicholas Migliaccio |
| 10/25/14 | Co-Panelist, "Current Ethical Issues for In-House and Outside Counsel", USC Gould School of Law-Beverly Hills Bar Association 2014 Institute on Entertainment Law and Business; co-panelists: Wendy Chang, Jonathan Anschell, Judith A. Gilbert |
| 12/16/14 | Co-Panelist, "'Settle & Sue' Legal Malpractice Claims", presented to the Association of Southern California Defense Counsel; co-panelists: Jonathan Cole, Kim Thurman Spirito, Ralph Williams III and Hon. Joseph Hilberman (ret.) |
| 1/18/15 | Co-panelist, "The Insurance and Outs for the In/Out Spouse," as part of a program sponsored by the American Academy of Matrimonial Lawyers; co-panelists: Justice Sheila Sonenshine (ret), Commissioner Jeanne Lowe (ret), Daniel Jaffe, Marjorie Fuller, James Schaefer. |
| 1/27/15 | Co-panelist, "Current Ethical Issues for In-House and Outside Counsel", USC 2015 Tax Institute; co-panelists: Wendy Chang, and Judith A. Gilbert |
| 10/9/15 | Co-Panelist, "Avoid the Void: Considerations in Billing Your Law Firm's Clients" at the California State Bar Annual Conference in Anaheim, CA, sponsored by Committee on Mandatory Fee Arbitration of the State |

EXHIBIT 2
Page 33

*Resume of David B. Parker*
*March 3, 2016*
*Page 14*

|  | Bar; Co-Panelist: Nicholas Migliaccio |
|---|---|
| 10/10/15 | Co-panelist, "Current Ethical Issues for In-House and Outside Counsel", State Bar Annual Conference in Anaheim, CA; co-panelists: Wendy Chang, Kevin Mohr and Judith A. Gilbert |
| 01/05/16 | Co-panelist, "Legal Malpractice Avoidance and Risk Management, An Ethics CLE" for the Philippine-American Bar Association; co-panelists, Hon. Michael Marcus, William K. Mills |

1995-
Present

Lecturer on *Practicing Law Defensively*, a loss prevention program first presented under the auspices of Attorneys Insurance Mutual Risk Retention Group to certain of its member firms and later offered to other law firms, including those noted below:

Loeb & Loeb (3/17/93 and 4/15/05)
Rutan & Tucker (5/17/97)
Cox, Castle & Nicholson (5/22/97)
Stradling, Yocca, Carlson & Rauth (9/11/97)
Berliner Cohen (11/6/97)
Buchalter, Nemer, Fields & Young (3/8/98)
Pircher, Nichols & Meeks (6/16/98 and 2/1/03)
Luce Forward Hamilton & Scripps (6/19/98)
Rosenfeld Meyer & Susman (1/13/99)
Troy & Gould (11/15/96, 6/3/99, 5/10/01 and 2/21/13)
Fiore Racobs & Powers (5/20/00)
Riordan & McKenzie (4/3/03)
Baum Hedlund (4/22/04)
Squire, Sanders & Dempsey LLP (8/04/05)
Jackson, Demarco, Titus & Peckenpaugh (10/28/05)
Ropers Majeski Kohn & Bentley (3/9/07)
SulmeyerKupetz (8/20/07)
Allen Matkins Leck Gamble & Mallory (12/11/08)
Khorrami, Pollard & Abir (4/8/09)
Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc. (8/20/09)
Zuber & Taillieu LLP (9/2/09)
Collins Collins Muir & Stewart LLP (12/21/09)
Graves Law Offices (2/5/10)
Lim Ruger & Kim (04/27/10)
Clark &  Trevithick (01/29/13)
Clinton & Clinton (02/13/13)
Stutman, Treister & Glatt LLP (06/22/13)
Kleinberg, Lange Cuddy & Carlo LLP (10/28/14)
Lee Tran Liang APLC (1/8/15)

# REPRESENTATIVE CLIENTS OVER PAST 39 YEARS

**Major Law Firms**

- Gibson, Dunn & Crutcher, LLP
- Latham & Watkins
- Pillsbury, Madison & Sutro, LLP (now Pillsbury Winthrop)
- Morrison & Foerster
- Bryan Cave, LLP
- Loeb and Loeb

EXHIBIT 2
Page 34

*Resume of David B. Parker*
*March 3, 2016*
*Page 15*

- Lewis, Brisbois Bisgaard & Smith LLP
- Levene, Neale, Bender, Yoo & Brill, L.L.P.
- Stutman Treister & Glatt LLP
- Mitchell, Silberberg & Knupp
- KMZ Rosenman
- Manatt Phelps & Phillips
- Jeffer, Mangels, Butler & Marmaro
- Nossaman, Guthner, Knox & Elliott LLP
- Buchalter, Nemer, Fields & Younger
- Cox, Castle & Nicholson
- Rutan & Tucker
- Jackson, DeMarco, Tidus & Peckenpaugh, PC
- Hill, Farrer & Burrill
- Riordan & McKinzie
- Hennigan, Bennett & Dorman
- McKool Smith LLP
- DeCastro, West & Chodorow
- Kindel & Anderson
- Lyon & Lyon
- Robinson, Diamant & Wolkowitz
- TroyGould LLP
- Wyman, Bautzer, Kuchel & Silbert
- Sedgwick, Detert, Moran & Arnold
- Fiore, Racobs & Powers
- Crosby Heafey Roach & May LLP (now Smith Reed)
- Kirkpatrick & Lockhart LLC (now K & L Gates)
- Thelen, Reid & Priest LLP
- Knobbe, Martens, Olson & Bear
- KNR Law Group
- Folger & Levin
- Wilson, Elser, Edelman & Dicker
- Baum Hedlund
- Hunt Ortmann Palffy Nieves Darling & Mah, Inc.
- SulmeyerKupetz, a Professional Corporation
- Speiser Krause
- Jackoway Tyreman Wertheimer Austen Mandelbaum Morris & Klein, P.C.
- Kleinberg Lange Cuddy & Klein LLP

**Insurers and Insurance Agencies (including representations of insureds by appointment or as independent counsel)**

- Underwriters at Lloyd's (various syndicates and underwriters)
- Travelers Insurance Company
- MGIC Indemnity Corporation
- Orion Group
- American International Group
- Coregis Insurance Group (fka Crum & Forster)
- Cameron & Colby
- AON Group
- Golden Eagle Insurance Company
- CNA Insurance Companies
- Home Insurance Company
- Chubb Group (including Executive Risk)
- Lawyers Mutual Insurance Company
- Attorneys Insurance Mutual Risk Retention Group
- Old Republic Insurance Company
- State Farm Insurance Company
- Farmers Group of Insurance Companies
- GEICO

EXHIBIT 2
Page 35

*Resume of David B. Parker*
*March 3, 2016*
*Page 16*

- Shand Morahan/Evanston Insurance Company
- Oxford Insurance Company
- Legion Insurance Company
- St. Paul Fire & Marine
- Ranger Insurance Company
- Executive Risk Indemnity, Inc.
- LTL Insurance Services, Inc.
- Monitor Liability Managers, Inc.
- Attorneys Insurance Mutual Risk Retention Group
- Midland National Life Insurance Company
- AON Risk Management
- Attorneys' Liability Assurance Society
- Admiral Insurance Co.
- Fireman's Fund
- Catlin, Inc.
- Lexington Insurance Co.
- XL Insurance Group

**Businesses**

- LawFund Management Group, LLC
- Tandon Corporation
- American Multiline Corporation
- Baby Treasures, Inc.
- Alper Development
- Len Sheridan Toyota
- American Wireless Networks
- JM Temporary Services & Affiliates
- Inteplast Corporation
- Global Master Apparel, Inc.
- Amplicon, Inc. (now known as California First National Bank Corp.)
- Hawker-Pacific
- Wiz Technology
- European Benefits Administrators
- Gibralt Capital Corporation
- Hanil Construction Co. Ltd.
- Hanil Cement Manufacturing Ltd.
- Siemens
- Golden Den, Inc.
- GV Diversified
- AmerisourceBergen
- Great American Ink
- Tri/Sam Development, Inc.
- Micom Circuits, Inc.
- Bridges Academy, Inc.
- Regency Outdoor Advertising
- Automobile Club of Southern California
- Mylan Labs
- Henkels & McCoy
- DAS Corporation
- WeBillCards
- Cove Management Partners LLC
- Prospect Medical Holdings, Inc.
- Kleinfelder, Inc.
- Staar Surgical, Inc.
- Advanced Arm Dynamics, Inc.
- Allied Industries, Inc.
- Antran Inc. (Crustacean Restaurant, Beverly Hills)

EXHIBIT 2
Page 36

*Resume of David B. Parker*
*March 3, 2016*
*Page 17*

- Ecogas, Inc.
- Gilmore Associates
- Investors Equity Life Holding Company, Inc.
- Centex Homes, Inc.
- Signal Hill Service Inc.
- GoTek, Inc.

**Labor Unions**

- Local 1442, United Food and Commercial Workers Union
- Local 659, International Alliance of Theatrical and Stage Employees
- Local 501,  International Union of Operating Engineers

**Non-Profits**
- Scleroderma Foundation
- Scleroderma Foundation, Southern California Chapter
- Bridges Academy
- Oriental Mission Church
- Holy Hill Community Church
- Korean Canaan Presbyterian Church
- City of Hope
- Los Angeles County Bar Association

**Arts and Entertainment**

- Brother Records, Inc. (The Beach Boys)
- Roger Hodgson (formerly of Supertramp)
- Virgin Records, U.S.A.
- Paula Abdul
- John Fogerty
- Michael Bolton
- Michael Diamond ("Mike D" of Beastie Boys)
- William Devane
- Morton Downey, Jr.
- Arnold Rifkin/Cheyenne Enterprises LLC (agent and producer)
- Lee Solters (publicist)
- Fabian Perez (artist)
- Adam Sher (executive and talent agent)

EXHIBIT 2
Page 37

# Joel A. Osman

Parker Mills LLP
800 W. 6th Street
Los Angeles, California 900171
Business: (213) 622-4441
Mobile: (213) 503-5116
Osman@ParkerMillsLLP.com

## BAR MEMBERSHIP

Admitted to practice in California, 1982. Also admitted to practice before the United States District Courts for Central, Northern and Southern Districts of California and the Ninth Circuit Court of Appeals.

## EDUCATION

## UNIVERSITY OF CALIFORNIA, LOS ANGELES, SCHOOL OF LAW

Juris Doctor awarded 1981

## UNIVERSITY OF CALIFORNIA, SAN DIEGO

Bachelor of Arts degree with a major in history awarded magna cum laude 1978.

## WORK EXPERIENCE

## PARKER MILLS LLP, Los Angeles, CA

Senior Counsel, March 1, 2014 – present.

## OSMAN & ASSOCIATES, South Pasadena, CA

Private Practice May 8, 2013 – February 28, 2014.

## OSMAN & ASSOCIATES, Staff Counsel to Travelers Indemnity Company, Diamond Bar, California

Managing Counsel, March 1, 2006 – May 8, 2013

Responsible for all aspects of managing Travelers' Staff Counsel Southern California Liability practice throughout Southern California. Responsible for operation of five offices (Diamond Bar, Glendale, Redlands, Orange and San Diego), multi-million dollar budge

EXHIBIT 2
Page 38

Resume of Joel A. Osman
Page 2

and 54 employees engaged in defense of Travelers insureds in all manner of GL, auto, fire
and subrogation matters. Additional responsibilities included development and delivery of
presentations and programs (training and others) for internal and external use. Served in
several national roles including founding member and Chair of Staff Counsel Standing
Committee on Ethics.

## ANDERSON, McPHARLIN & CONNERS LLP, Los Angeles

Senior Associate/Partner/Senior Partner, February 28, 1985 – February 28, 2006

Joined firm as senior associate in 1985. Became a partner in the firm in 1988 and then
became senior partner. For more than two decades worked effectively both as a solo case
handler and as a member of a team in the areas of general liability litigation, professional
liability litigation (medical and legal), construction defect litigation, employment and
wrongful termination litigation and business torts. Tried many cases, including personal
injury and legal malpractice cases, to verdict. Served for many years on the Firm's Lateral
Hiring and Technology committees. Significant experience supervising and mentoring
junior lawyers.

## LAW OFFICES OF HUNSUCKER & SABO, Pasadena

Associate, December 1, 1983 – January 30, 1985

Joined this now defunct firm at the request of the two partners who were both alum of
prior employer, Schell & Delamer (see below). First associate employed by firm. Had
personal responsibility for individual case load of general liability cases including conduct
of first two jury trials and first court trial (an uncontested matter).

## LAW OFFICES OF SCHELL & DELAMER, Los Angeles

Law Clerk, March 1, 1979 – December 2, 1982
Associate, December 3, 1982 – November 30, 1983

Commenced employment as a law clerk during spring semester of first year of law school.
Benefited from mentoring of numerous experienced trial lawyers in the full range of tasks
associated with management of casualty defense and professional liability defense cases. On
admission to the Bar, had immediate responsibility for large personal case load.

## AFFILIATIONS AND HONORS

Los Angeles County Bar Association (Member and former Chair of Professional Responsibility
and Ethics Committee).

EXHIBIT 2
Page 39

Resume of Joel A. Osman
Page 3

Member State Bar Committee on Professional Responsibility and Conduct (COPRAC) 2015 to present.

 Awarded personal AV rating from Martindale-Hubbell.

## SELECTED PUBLICATIONS

*Is a Prospective Client Entitled to Attorney Work Product Developed in the Course of Deciding Whether to Accept the Engagement?* Los Angeles County Bar Association, County Bar Update 2014

*Ethical Hazards and the Recordkeeping of Client Trust Accounts-Details Count!* Los Angeles County Bar Association, County Bar Update 2008

*The Ethics Behind the Use of Staff Counsel* Los Angeles County Bar Association, County Bar Update 2007

*The Question of the Sophisticated Client* Los Angeles County Bar Association, County Bar Update 2006

*Technology and the Challenge of Maintaining Client Confidences* Los Angeles County Bar Association, County Bar Update 2005

*Risk Management For Lawyers-Good Beginnings Make for Happy Endings* Anderson, McPharlin & Conners, LLP 2001

## SELECTED PRESENTATIONS

*Ethical Issues in a Digital World* Ethics-All You Need to Know 2014

*Really Scary Stuff About Conflicts of Interest* Ethics 2010

*Ethics-Keeping Current in a World of Change* Ethics 2007

*Bound By the Oath-Limits On the Right of Self Defense* Ethics 2006

*Conflicts Past and Present with Clients* Ethics 2005-Keeping Current in a World of Change 2005

## REFERENCES

Available on request

EXHIBIT 2
Page 40

# SHAWN SHAFFIE

(213) 622-4441                                                              shaffie@parkermillsllp.com

---

## PROFESSIONAL EXPERIENCE

**Parker Mills, LLP,** Los Angeles, CA                                    **June 2016 – Current**
Handled multitude of complex litigation matters from inception through trial, mediation, or resolution. Manages heavy caseload, attends depositions, and makes frequent court appearances at busy litigation practice focused on professional liability concerning attorneys, accountants, and other business professionals.

**Miller Law Associates, APC,** Los Angeles, CA                **November 2011 – May 2016**
Handled multitude of complex litigation matters from inception through trial, mediation, or resolution. Manages heavy caseload, attends depositions, and makes frequent court appearances at busy litigation practice focused on professional liability concerning attorneys, accountants, and other business professionals.

**The Law Offices of Nigel Burns,** Los Angeles, CA          **July 2010 – November 2011**
Frequent court appearances; performed all aspects of litigation, including legal research and analysis, drafting complaints and memoranda, drafting and arguing motions, participating in depositions and client and witness interviews, propounding and responding to discovery, and negotiations. Dealt directly with opposing counsel. Represented a diverse client base including small and medium size companies, athletes and entertainment professionals.

## HONORS, AWARDS, & BAR ADMISSION

**Southern California Super Lawyers – Rising Star, 2014, 2015, & 2016:** Named one of the top 2.5% of lawyers under 40 years of age in Southern California the last three years in a row.
**Speaking and Writing**:
- Author, "Ethical Pitfalls For Lawyers On LinkedIn," Daily Journal, April 9, 2015
- Co-Author, "Diligence Curbs Conflict In Law Firm Mergers," Daily Journal, March 6, 2015
- Author & Presenter - Video Interview, "Dos, Don'ts For Lawyers On Social Media," Daily Journal, January, 2015
- Co-Author & Co-Presenter, "Can't We All Just Get Along – Navigating the Conflicts Between Insured, Insurer, and Counsel." Chubb Group, June, 2013
- Co-Author, "California Fair Claim Practices Act and Hot Topics in Professional Liability," ProSight Specialty Insurance, April, 2013.

**Published Opinion**: *SASCO v. Rosendin Electric, Inc.* (2012) 207 Cal. App.4[th] 837

**BAR Admissions:** California (2009, passed first attempt); U.S. District Court, Central District of California; U.S. District Court, Southern District of California

## EDUCATION

**University of Maryland School of Law**, Baltimore, MD / Visiting Student: Loyola Law School, Los Angeles, CA
*J.D.*, May 2008
Activities & Honors:      Graduated one Semester Early; Thesis explored emerging copyright issues relating to American ring tone market; Research analyzed Norwegian response to Apple DRM technology.
**Internships/Externships:**
- Maryland Law Clinic – Student Attorney (Baltimore, MD / 2007-2008): Drafted letters, pleadings, agreements, legal memoranda and briefs; provided free legal services to inner city community. Spearheaded initiative to eradicate Baltimore neighborhood of gang activity by targeting local businesses involved in or encouraging crime. Won child custody case for mother wrongly accused of neglecting infant.
- Alliance of Artists and Recording Companies – Law Clerk (Alexandria, VA / 2006-2007): Worked on various international and domestic legal matters and contracts regarding Audio Home Recording Act, 2005 Sound Recordings Fund, and Featured Artists and Sound Recording Copyright Owners Sub-funds. Negotiated with foreign countries establishing agreements allowing their artists to receive proceeds under various sub-funds so long as American artists received reciprocal treatment. Interacted with and prepared material presented to the U.S. Copyright Board.

**London School of Economics**, London, UK
*M.Sc., Political Sociology*, Fall 2004
Activities & Honors:      Received Honors for Dissertation on surveillance technologies implemented post 9/11.

EXHIBIT 2
Page 41

# SHAWN SHAFFIE

(213) 622-4441                                                                                          shaffie@parkermillsllp.com

**Johns Hopkins University,** Baltimore, MD
*B.A., Political Science*, May 2003
Activities & Honors:     3.5 Cumulative GPA

## PROFESSIONAL GROUPS & ORGANIZATIONS

**Professional Liability Underwriting Society – Southern California Chapter,** *Steering Committee Member*
**Alliance for Veteran Support,** *Committee Member*
**The Johns Hopkins University Young Alumni Committee Member,** *Outreach Chair (Former)*
**Los Angeles County Bar Association,** *Inn of the Court Member (Former)*
**Beverly Hills Bar Association,** *Member (Former)*

EXHIBIT 2
Page 42

# Jamie Davis

Experience

**Paralegal**          *Parker Mills, LLP*              Los Angeles, CA          4/16 – Present
- Propounds and responds to discovery. Drafts retainer agreements, engagement letters, various pleadings, and correspondence.
- Creates page line summaries of depositions of Plaintiffs, Defendants, witnesses, and experts.
- Reviews case files, pleadings, and deposition transcripts for case analysis and chronology in expert matters.

**Paralegal**          *Kabateck Brown Kellner, LLP*      Los Angeles, CA          8/12 – 4/16
- Trial experience including utilizing presentation software at trial, juror research, preparing required documents and binders, and creating opening/closing PowerPoint presentations. Assists with receiving verdicts and settlements totaling over $15 million.
- Propounds and responds to discovery. Drafts demand letters, various pleadings, communicates with clients and insurers, and drafts correspondence.
- Creates page line summaries of depositions of Plaintiffs, Defendants, witnesses, and experts; summarizes medical records as well as explanations of medical terms and procedures.
- Requests medical and billing records directly from providers and via 3rd party service, maintains working matrix of the status of records, treatment, and billing costs.
- Sustains excellent client relations by upholding communication via email, phone, mail, and meetings.

**Paralegal**          *American Recovery Services, Inc.*    Thousand Oaks, CA          9/11 – 8/12
- Drafted up to 15 complaints per day, Case Management Statements, Requests for Dismissal, Notice & Acknowledgements of Service, and Requests for Entry of Default for all counties throughout California.
- Responsible for over 200 files at once, tracked and managed filing and service for 50 files at any given time, abide by each county's specific court rules, local forms and service requirements, and maintained a calendar of hearings for all 200 files.
- Ensured Attorneys upheld FDCPA standards while meeting American Express required goals and deadlines regarding filing, service and judgment as well as collection goals.
- In house reports included Monthly Performance Reviews; weekly Exception, Recall, and Liquidation reports; daily file audits.

Education

**University of California, Los Angeles**          *Paralegal Certificate*          6/11
- ABA approved paralegal program, LAPA member since 2011

**Ventura County Criminal Justice Training Center**    *P.O.S.T. Certificate*          2/08
- 22 week Police Academy, 56 hours STC training

**California State University Northridge**          *Bachelor of Arts Sociology*          5/07
- Dean's List for 3 semesters

EXHIBIT 2
Page 43

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY PARKER MILLS LLP, AS SPECIAL LITIGATON COUNSEL; DECLARATION OF JOEL A. OSMAN IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 3, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **June 3, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR**
STRADELLA INVESTMENTS, INC.
28312 AVENIDA LA MANCHA
SAN JUAN CAPISTRANO, CA 92675

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

SERVICE ON JUDGE NOT REQUIRED PURSUANT TO LBR 5005-2(d)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 3, 2016 | Pamela Kraus | /s/ Pamela Kraus |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: continued:

- ATTORNEY FOR RONALD SCHWARZ: Kyra E Andrassy    kandrassy@swelawfirm.com, csheets@swelawfirm.com, gcruz@swelawfirm.com;hdavis@swelawfirm.com
- ATTORNEY FOR STARK RM EAGLE LLC: Dennis Arnold    DArnold@gibsondunn.com
- ATTORNEY FOR STARK RM EAGLE LLC: Peter Bach-y-Rita    pbachyrita@gibsondunn.com, peter.bachyrita@gmail.com
- ATTORNEY FOR NORTHWOODS CORPORATION: Jay J Chung    jaychung@leeanavchung.com
- INTERESTED PARTY: Daniel Denny    ddenny@gibsondunn.com
- ATTORNEY FOR TRUSTEE: Jeffrey K Garfinkle    jgarfinkle@buchalter.com;docket@buchalter.com;dcyrankowski@buchalter.com;
- INTERESTED PARTY: Paul R. Glassman    pglassman@sycr.com
- U.S. TRUSTEE: Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- ATTORNEY FOR DEBTOR: Michelle S Grimberg    msg@lnbrb.com, angela@lnbrb.com
- ATTORNEY FOR TRUSTEE: D Edward Hays    ehays@marshackhays.com, ecfmarshackhays@gmail.com
- ATTORNEY FOR CREDITOR VIRIDIAN INVESTMENTS SERVICES, LTD.: Joon M Khang    joon@khanglaw.com
- ATTORNEY FOR STARK RM EAGLE LLC: Jeffrey C Krause jkrause@gibsondunn.com, dtrujillo@gibsondunn.com;jstern@gibsondunn.com
- INTERESTED PARTY: Zi Chao Lin zilin78@yahoo.com, dcameron@garrett-tully.com
- TRUSTEE: Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@ecf.epiqsystems.com
- ATTORNEY FOR TRUSTEE: Elmer D Martin    elmermartin@gmail.com
- ATTORNEY FOR DEBTOR: Daniel H Reiss    dhr@lnbyb.com, dhr@ecf.inforuptcy.com
- ATTORNEY FOR RONALD SCHWARZ: Evan D Smiley    esmiley@swelawfirm.com, gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
- ATTORNEY FOR DEBTOR: Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- ATTORNEY FOR RONALD SCHWARZ: Autumn D Spaeth    aspaeth@swelawfirm.com, gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
- ATTORNEY FOR TRUSTEE: Kristine A Thagard    kthagard@marshackhays.com, ecfmarshackhays@gmail.com
- U. S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- ATTORNEY FOR DEBTOR: Timothy J Yoo    tjy@lnbyb.com
- ATTORNEY FOR VIRIDIAN INVESTMENTS: Scott H Yun    syun@stutman.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4835-6675-0255, v. 1